AB-2000-76                                              1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                     | Queja          |
|                            |                |
|     Roberto Rivera Irizarry | 2001 TSPR 159  |
|                            |                |
|                            | 155 DPR ___    |


Número del Caso: AB-2000-76


Fecha: 21/noviembre/2001


Oficina del Procurador General:

                              Lcdo. Héctor Clemente Delgado
                              Procurador General Auxiliar


Abogado de la Parte Querellada:

                              Por Derecho Propio


Materia: Conducta Profesional


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Roberto Rivera Irizarry            AB-2000-76

PER CURIAM

San Juan, Puerto Rico, a 21 de noviembre de 2001

El 22 de enero de 1998 la Sra. Myrna L. Ortiz Ortiz adquirió un vehículo deportivo usado, un Mitsubishi Eclipse del 1991, para su hijo menor de edad. La Sra. Ortiz compró dicho vehículo al concesionario Méndez Auto Sales, en San Sebastián, Puerto Rico, financiando el mismo por medio de un contrato de venta condicional con el Banco Financiero de Puerto Rico.

Dicho vehículo, al poco tiempo de haber sido adquirido, comenzó a exhibir varios problemas mecánicos que impedían el uso adecuado del mismo. El concesionario se negó a asumir responsabilidad por las reparaciones que se le efectuaron al

automóvil ya que, alegadamente, el mismo fue adquirido sin garantía. A pesar de las numerosas y costosas reparaciones que se realizaron al vehículo, el mismo nunca operó de manera eficiente o conforme las expectativas de la Sra. Ortiz. Por ello, la Sra. Ortiz entregó voluntariamente el automóvil al Banco Financiero de Puerto Rico. Esta entrega voluntaria consta como una experiencia adversa en el historial de crédito de la Sra. Ortiz.

A raíz de la deficiencia experimentada en el funcionamiento del automóvil, y el costo alzado de las numerosas reparaciones efectuadas en el carro, la Sra. Ortiz buscó asesoramiento legal, en aras de investigar las alternativas legales y las posibles acciones judiciales a su disposición para remediar la situación que atravesaba. A esos fines, la Sra. Ortiz obtuvo los servicios del Lcdo. Carlos Hernández Pérez, quien accedió a ayudarla en el caso, advirtiéndole que su caso presentaba el problema de la responsabilidad del concesionario, lo cual era difícil dado el hecho de que ésta adquirió el vehículo defectuoso sin garantía.

El Lcdo. Carlos Hernández Pérez intentó llegar a un acuerdo amistoso con el concesionario, en aras de evitar tener que recurrir a los tribunales, enviándole una carta a esos efectos, al dueño de Méndez Auto Sales, el Sr. Juan Méndez. Ante la ausencia de respuesta a dicha misiva la Sra. Ortiz y el Lcdo. Hernández Pérez contemplaron la presentación de una acción judicial, la cual requería la utilización de un perito mecánico sobre los defectos del vehículo. La Sra. Ortiz propuso utilizar los servicios del mecánico que trabajó el referido vehículo en varias ocasiones, el Sr. Héctor Villanueva. Luego de enfrentar ciertos problemas con el Sr. Héctor Villanueva, ajenos a la reclamación de la Sra. Ortiz, el Lcdo. Hernández Pérez, mediante misiva de 9 de octubre de 1998, le notificó a ésta que él no podía continuar representándola si su interés era mantener los servicios del referido mecánico perito.[1]

---

[1] En dicha misiva, el Lcdo. Hernández le indicó "como consecuencia de un incidente que ocurriera entre el Sr. Héctor Villanueva y este servidor, las relaciones que existían entre ambos han cesado, por lo cual yo estimo que si usted pensaba utilizarlo a él como perito testigo en su reclamación con el Sr. Juan Méndez de Méndez Auto Sales, deberá entonces gestionar

La Sra. Ortiz se comunicó con el Lcdo. Roberto Rivera Irizarry con el propósito de que éste sustituyera al Lcdo. Hernández Pérez. El 8 de diciembre de 1998 se suscribió el correspondiente contrato de servicios profesionales entre la Sra. Ortiz y el Lcdo. Rivera Irizarry, quien inicialmente requirió el pago de $151.00 por concepto de gastos. El Lcdo. Rivera Irizarry preparó varios borradores de demanda, los cuales la Sra. Ortiz corrigió en algunas partes. El Lcdo. Rivera Irizarry nunca llegó a radicar la demanda.

Ante su insatisfacción con el desempeño del Lcdo. Rivera Irizarry, la Sra. Ortiz lo relevó del caso, exigiéndole, mediante carta de 12 de enero de 2000, que le devolviera los documentos relacionados con su caso y la cantidad de dinero que le había adelantado para gastos, dado el hecho de que éste nunca radicó la referida demanda.

El 1 de junio de 2000, la Sra. Ortiz presentó queja ante este Tribunal contra los licenciados Hernández Pérez y Rivera Irizarry. Mediante misiva de 18 de julio de 2000, la Subsecretaria de este Tribunal, la Sra. Carmen Cruz Rivera, refirió copia del expediente de la queja que presentara la Sra. Ortiz contra los abogados de referencia a la Oficina del Procurador General para su investigación y la preparación del correspondiente Informe, conforme lo dispuesto en la Regla 14 (d) del Reglamento del Tribunal Supremo.[2]

Durante la investigación de la queja por parte de la Oficina de Procurador General, ésta enfrentó problemas en relación con la actitud del Lcdo. Rivera Irizarry ante los requerimientos que le hiciera dicha Oficina, situación que motivó la intervención de este Tribunal.

El Procurador General presentó su informe el 14 de septiembre de 2000. En síntesis, el Informe del Procurador General recoge las gestiones

---

la representación legal de otro abogado que no tenga conflicto con el Sr. Villanueva".

[2] EL 27 de enero de 2000, la Sra. Ortiz había presentado queja contra el Lcdo. Rivera Irizarry ante el Procurador General por los mismos hechos que motivaron la queja ante este Tribunal. Ambas quejas, la referida por este Tribunal y la presentada

realizadas por los abogados de epígrafe en representación de la Sra. Ortiz y analiza si las mismas se ajustan a los deberes y criterios de diligencia y responsabilidad que rigen el ejercicio de la profesión togada, conforme los Cánones de Etica Profesional.

En cuanto a las actuaciones del Lcdo. Carlos Hernández Pérez, el Procurador General sostiene que éste "cumplió fielmente con sus obligaciones para con la Sra. Myrna Ortiz Ortiz, desplegando en todo momento suma diligencia en el asunto que le fue encomendado y notificando oportunamente a su cliente la dificultad que representaba para él continuar en el caso con la designación del caso del perito que ésta había escogido".[3] En consecuencia, el Procurador General concluye que el Lcdo. Hernández Pérez no incurrió en conducta impropia alguna.

En cuanto al Lcdo. Rivera Irizarry, el Procurador General determina que éste incurrió en conducta impropia en su relación con la Sra. Ortiz, al igual que a través de su conducta en el trámite de la queja. Visto el informe del Procurador General, mediante Resolución de 21 de septiembre de 2000, le concedimos al Lcdo. Roberto Rivera Irizarry veinte (20) días, a partir de la notificación de la misma, para que expusiera su posición en torno al referido informe. El 13 de octubre de 2000 el Lcdo. Irizarry presentó una moción en cumplimiento de orden y reacción al informe del Procurador General. En la misma informa estar en disposición de devolver los $151.00 que él había requerido de la Sra. Myrna Ortiz, para gastos en la tramitación de la demanda, sosteniendo que la tardanza en contestar la queja se debió a que él buscaba evidencia exculpatoria expresa, aunque admite que esto no le exime de responsabilidad.

Le concedimos término al Procurador General para que se expresara sobre dicha moción. El Procurador General, en su escrito en cumplimiento de orden, se reitera en su posición de que tanto en la relación profesional con la Sra. Myrna Ortiz, como con en el trámite de la queja de epígrafe,

---

ante el Procurador General, se consolidaron para fines de su dilucidación.

[3] Véase Informe del Procurador General, pág. 5.

la conducta del Lcdo. Rivera Irizarry se apartó de los postulados que rigen el ejercicio de la profesión legal.

Mediante Resolución de 9 de diciembre de 2000, le concedimos al Lcdo. Roberto Rivera Irizarry término para que le informara a este Tribunal si sometía el asunto disciplinario pendiente por los escritos radicados. Además, en dicha resolución dictaminamos no ha lugar en el ejercicio de nuestra jurisdicción disciplinaria en relación al Lcdo. Carlos Hernández Pérez. El 16 de febrero de 2001, el Lcdo. Rivera Irizarry radicó una moción "interesando dar por sometido el caso de autos",

I

En síntesis, la conducta del Lcdo. Rivera Irizarry comprende dos vertientes, a saber: (1) el desempeño del Lcdo. Rivera Irizarry en su relación profesional con la Sra. Myrna Ortiz y (2) la dilación y demora del Lcdo. Rivera Irizarry en presentar su contestación a la queja contra él radicada y en cumplir con los requerimientos del Procurador General y de este Tribunal.

En relación a las actuaciones del Lcdo. Rivera Irizarry en su relación profesional con la Sra. Ortiz, no hay duda de que éste suscribió un contrato de servicios profesionales para representar a la Sra. Ortiz en la demanda judicial que ésta interesaba radicar contra el Sr. Juan Méndez y Méndez Auto Sales. En dicho contrato, se pactó que los honorarios serían el "33% de lo obtenido", más los gastos del pleito, que se fijaron en $151.00, cantidad que la Sra. Ortiz le entregó el 8 de diciembre de 1998, el mismo día en que se pactó el referido contrato.

Aunque el Lcdo. Rivera preparó diversos borradores de demanda y algunos formularios de emplazamientos relacionados con el caso de la Sra. Ortiz, éste nunca  preparó una demanda final ni presentó demanda alguna ante los tribunales, por lo que realmente no incurrió en gastos. La cantidad de $151.00, requerida por el Lcdo. Rivera por concepto de gastos, nunca se utilizó y la misma pertenecía a la Sra. Ortiz. Desde el día en que la Sra. Ortiz le relevó de su representación legal y, mucho más, desde que ésta, mediante carta de 12 de enero de 2000, le requirió que le devolviera

la cantidad aportada para gastos, el Lcdo. Rivera Irizarry tenía la obligación de reembolsarle la referida aportación.

Los abogados deben evitar entremezclar los dineros recibidos del cliente por concepto de gastos con los honorarios pactados. Es por ello que la retención de la cantidad de $151.00 por parte del Lcdo. Rivera Irizarry en el presente caso, aun cuando mínima, vulnera el Canon 23 de Ética Profesional, 4 L.P.R.A. Ap. IX, el cual exige transparencia en las relaciones entre abogado y cliente que, por su naturaleza fiduciaria, se cimientan en la confianza y absoluta honradez que deberá existir, específicamente en los asuntos de índole económica. Por ello, dicho Canon impone al abogado el deber de rendir cuentas, tanto de dinero y/o de otros bienes del cliente que tenga en su posesión. La retención de cualquier cantidad de dinero, perteneciente a sus clientes, trastoca e infringe los postulados del Canon 23 de Ética Profesional, ante, y demuestra un menosprecio hacia sus deberes como abogado. In re: Gorbea Martínez, res. el 1 de diciembre de 1999, 99 TSPR 190; In re: Fernández Paoli, 141 D.P.R. 10 (1996); In re: Morales Soto, 134 D.P.R. 1012 (1994); In re: Vázquez O'Neill, 121 D.P.R. 623, 628 (1988).

En In re: Vázquez O'Neill, ante, sostuvimos que la retención de fondos pertenecientes a sus clientes por un abogado amerita sanción, aunque éste los hubiera devuelto, o aun cuando los hubiera retenido sin la intención de apropiárselos. Igualmente, afirmamos en dicho caso que la dilación en la devolución de los fondos es causa suficiente para tomar medidas disciplinarias contra el abogado. Id. Véase, además, In re: Arana Arana, 112 D.P.R. 838 (1982). El hecho de que el Lcdo. Rivera Irizarry le devolvió, tardíamente, la suma retenida de $151.00 a la Sra. Myrna Ortiz[4], aunque ciertamente no lo exime de la infracción ética en que incurrió, es un atenuante en la sanción a imponerse en el procedimiento disciplinario. In re: Torres Delgado, res el 26 de abril de 2000, 2000 TSPR (JTS 77); In re: Rodríguez Servera, res. el 10 de noviembre de 1999, 99 TSPR 192.

En cuanto a la dilación del Lcdo. Rivera Irizarry en presentar su contestación a la queja, y cumplir con los requerimientos del Procurador General y con los requerimientos de este Tribunal, encontramos que dicha conducta es impropia y censurable. Cabe señalar que éste nunca contestó el requerimiento que la Secretaria de este Tribunal, la Lcda. Isabel Llompart Zeno, le hizo el 6 de junio de 2000, como tampoco respondió a una solicitud de información que el Procurador General le requirió, relacionada con la queja presentada contra él por la Sra. Ortiz en su oficina.

De hecho, luego de que el expediente de queja contra los abogados de epígrafe fuera referido a la Oficina del Procurador General, para que éste preparara el informe correspondiente, el Procurador General tuvo que solicitar una prórroga para rendir su informe debido a que el Lcdo. Irizarry no había contestado la queja. A esos efectos, el 8 de agosto de 2000, el Procurador General le concedió un término para que contestara la referida queja y éste hizo caso omiso a dicho requerimiento. Es por ello que el Procurador General tuvo que acudir a este Tribunal en solicitud de que se le ordenara al Lcdo. Rivera Irizarry contestar la queja ya que las gestiones que éste realizó no lograron respuesta alguna por parte del Lcdo. Rivera

---

[4] Mediante carta de 17 de octubre de 2000, la Sra. Ortiz le informó al Procurador General que ésta había recibido un cheque personal del Lcdo. Rivera Irizarry.

Irizarry, requiriendo dicha situación que este Tribunal le ordenara al abogado que, bajo apercibimiento de severas sanciones, procediera a contestar la solicitud del Procurador General.

Reiteradamente hemos resuelto que todo abogado tiene el deber ineludible de responder diligentemente a los requerimientos tanto de este Tribunal como de la Oficina del Procurador General. In re: Lasalle Pérez, res. el 16 de febrero de 2001, 2001 TSPR 25. Igualmente, hemos subrayado que "(L)a desatención de los abogados a comunicaciones relacionadas con investigaciones disciplinarias tiene el mismo efecto disruptivo de nuestra función reguladora que cuando se desatiende una orden emitida directamente por este Tribunal." In re: Ríos Acosta, 143 D.P.R. 128 (1997). Es por ello que la desidia, despreocupación o indiferencia en cooperar con la investigación de asuntos disciplinarios y responder prontamente a los requerimientos relacionados con los mismos puede acarrear sanciones severas. In re: Rodríguez Servera, res. el 10 de noviembre de 1999, 99 TSPR 192; In re: Melecio Morales, 144 D.P.R. 824 (1998).

Evidentemente, desde el 6 de junio de 2000, fecha en que la Secretaria de este Tribunal le envió una misiva al Lcdo. Rivera, informándole de la queja instada contra él y requiriéndole que contestara la misma dentro del término establecido, éste debió responder con diligencia. Transcurrido más de tres (3) meses, y luego de múltiples gestiones y requerimientos por parte de la Oficina del Procurador General, culminando las mismas en una solicitud de intervención por este Tribunal para que ordenásemos que contestara la queja por escrito so pena de sanciones severas, es que el Lcdo. Rivera finalmente responde con un breve y escueto escrito. No se justifica esta dilación y omisión total en cumplir con los requerimientos de este Tribunal y del Procurador General por el mero hecho de que éste, alegadamente, intentaba buscar evidencia exculpatoria. Era su deber contestar e informar sus gestiones al respecto y no desatender absolutamente la queja y las órdenes relacionadas con la misma.

La actitud de dejadez e indiferencia manifestado por el Lcdo. Rivera Irizarry hacia el proceso disciplinario causó dilaciones innecesarias e injustificadas, interfiriendo indebidamente con nuestra función

disciplinaria. Dicha actitud viola las normas éticas que exigen del abogado un comportamiento íntegro, consistentes en el cumplimiento estricto con los requerimientos de este Tribunal, particularmente cuando se está investigando una queja presentada en su contra. En dichas circunstancias, es su deber responder con suma diligencia. In re: Melecio Morales, ante.

## II

En mérito de lo anterior, procede que emitamos una severa censura al Lcdo. Roberto Rivera Irizarry y le apercibimos que ejerza mayor cautela y diligencia al observar las normas y los requerimientos que rigen el desempeño de la profesión togada, tanto en sus relaciones profesionales, como con este Tribunal y el Procurador General. Además, le advertimos que el futuro incumplimiento con los Cánones de Etica conllevará la imposición de sanciones más severas.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Roberto Rivera Irizarry                AB-2000-76

SENTENCIA

San Juan, Puerto Rico, a 21 de noviembre de 2001

        Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia censurando severamente al Lcdo. Roberto Rivera Irizarry y apercibiéndole para que en el futuro  ejerza mayor cautela y diligencia al observar las normas y los requerimientos que rigen el desempeño de la profesión togada, tanto en sus relaciones profesionales, como con este Tribunal y el Procurador General de Puerto Rico. Además, le advertimos que el futuro incumplimiento con los Cánones de Etica Profesional conllevará la imposición de sanciones más severas.

        Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Andréu García no intervino.


                        Isabel Llompart Zeno
                        Secretaria del Tribunal Supremo