*In re* MARÍA MILAGROS CHARBONIER LAUREANO, querellada.

*Número:* CP-2001-1          *Resuelto:* 11 de abril de 2002

*Carmen A. Riera Cintrón, Procuradora General Auxiliar,* y *Vanessa Lugo Flores, Subprocuradora General; Agustín Mangual Hernández,* Comisionado Especial; *Radamés Mejías Salinas* y *Nylsa Cotto de Rivera,* abogados de la parte querellada; *María Milagros Charbonier Laureano, pro se.*

PER CURIAM: Como consecuencia de una queja que se presentara ante este Tribunal contra la abogada-notario María Milagros Charbonier Laureano, relativa la misma a alegada conducta antiética, por el señor Radamés Mejías Salinas, este Tribunal refirió el asunto a la Oficina del Procurador General de Puerto Rico para que llevara a cabo una investigación al respecto.

Realizada la misma, y habiendo rendido el Procurador General el informe correspondiente, instruimos al mencionado funcionario para que radicara una Querella contra la referida abogada-notario. En la querella que se radicara se le imputaron a la licenciada Charbonier Laureano dos cargos, esto es, haber violado las disposiciones de los Cánones 35 y 38 del Código de Ética Profesional.

Contestada la Querella por la licenciada Charbonier Laureano, designamos al Lcdo. Agustín Mangual Hernández como Comisionado Especial "para que en presencia de las partes ... reciba la prueba y nos rinda un informe con sus determinaciones de hechos y las recomendaciones que estime pertinente". Resolución de 23 de febrero de 2001. En su Informe, el Comisionado Especial nos indica que las partes decidieron someter el asunto por medio de una estipulación de hechos.

Conforme surge de la referida estipulación, el 27 de octubre de 1999 se presentaron en la oficina de la abogada querellada los Sres. Ángel Díaz y Roberto Vélez con el propósito de firmar, ante dicha abogada, una declaración jurada *pre impresa,* lo cual hicieron en presencia de la notario. Es de notar que en la mencionada declaración pre

impresa aparecían, *como comparecientes en el texto de la misma y en la parte del juramento,* los nombres de José Dávila y Candelaria Allende, *personas que no comparecieron ese día ante la notario.*

Ello no obstante, la notario Charbonier Laureano procedió a autorizar la mencionada declaración jurada pre impresa *sin* tachar o borrar, del texto y del juramento, de la misma los nombres de las dos personas que no habían comparecido ante ella, permitiendo de esa forma que sucediera, como posteriormente sucedió,[1] que dichas personas firmaran la declaración jurada tal y como si hubiera sido ante su presencia.

Procede que se señale, por otro lado, que la mencionada declaración jurada fue presentada, posteriormente, en evidencia en un procedimiento judicial. Debe indicarse, sin embargo, que no existe evidencia de que el contenido de la declaración en controversia fuera falso y/o de que persona alguna resultara perjudicada por la actuación de la notario. Finalmente, es de notar que la notario Charbonier Laureano hizo constar, en el índice notarial correspondiente al mes de la otorgación del documento, que únicamente habían comparecido ante ella los Sres. Roberto Vélez y Ángel Díaz; que la notario querellada admite que fue negligente al actuar en la forma que lo hizo, y que las partes específicamente estipularon que "la omisión de la Notario querellada no [fue] producto de la mala fe, ni con el propósito de defraudar, sino producto de la falta de cuidado". Estipulación al Honorable Comisionado Especial, pág. 2.

I

Como es sabido, la práctica notarial es una que está rigurosamente reglamentada en nuestra jurisdicción.

---

[1] Posteriormente, la señora Candelaria Allende firmó dicha declaración jurada fuera de la presencia de la notario Charbonier Laureano.

Los testimonios o declaraciones de autenticidad, bajo la fe pública están reglamentados por los Arts. 56 al 60 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. secs. 2091–2094, y por las Reglas 64 a la 73 del Reglamento Notarial, 4 L.P.R.A. Ap. XXIV.

En Puerto Rico, los notarios son los funcionarios encargados de garantizar la autenticidad de las firmas hechas ante sí, mediante la fe pública notarial. Art. 2 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2002. La intervención del notario otorga una presunción de veracidad a los documentos en que interviene. *P.A.C. v. E.L.A. I*, 150 D.P.R. 359 (2000). La notaría es una función de cuidado que debe ser ejercida con suma diligencia y celo profesional. *In re Torres Olmeda*, 145 D.P.R. 384 (1998); *In re Cruz Ramos*, 127 D.P.R. 1005 (1991); *In re Rodríguez Mena*, 126 D.P.R. 205 (1990); *In re Vergne Torres*, 121 D.P.R. 500 (1988).

La fe pública notarial, como elemento objetivo que se concretiza a través de la persona del notario con la presencia del compareciente, es la espina dorsal de todo el esquema y autenticidad documental. *In re González González*, 119 D.P.R. 496, 499 (1987); *In re Vargas Hernández*, 135 D.P.R. 603 (1994). La dación de fe está avalada por la confianza de que los hechos jurídicos y las circunstancias que acredita el notario fueron percibidos por sus sentidos. *In re Feliciano Ruiz*, 117 D.P.R. 269, 275 (1986). Certificar un hecho falso, por lo tanto, es una de las faltas más graves que puede cometer un notario. Este Tribunal ha advertido a los notarios de su obligación de cumplir estrictamente con lo preceptuado en la Ley Notarial de Puerto Rico. Deben ser exigentes y abstenerse de actuar respecto a una declaración jurada si la persona que va a otorgar la misma no ha comparecido personalmente. *In re Vargas Hernández*, ante, pág. 608.

Una vez el notario se aparta de cumplir con las

obligaciones y los deberes que le impone la ley y el ordena-
miento ético, incurre en conducta que acarrea una sanción
disciplinaria, ya que lesiona la confianza y la función pú-
blica en él depositadas. *In re Capestany Rodríguez*, 148
D.P.R. 728 (1999).

Este Tribunal ha establecido que otorgar un documento
notarial en contravención a nuestra Ley Notarial de
Puerto Rico constituye una violación a los Cánones 35 y 38
del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. Véase *In
re Vera Vélez*, 148 D.P.R. 1 (1999).

█   Es correcto que, conforme la estipulación de las
partes, la actuación de la notario Charbonier Laureano no
fue producto de la mala fe. Ello, no obstante, hemos re-
suelto que *no* se requiere que el notario haya faltado a la
verdad intencionalmente para faltar a la fe pública y a los
cánones del Código de Ética Profesional. *In re Rivera Ar-
velo y Ortiz Velázquez*, 132 D.P.R. 840 (1993). Dicha falla
puede ser el resultado de un desempeño profesional ca-
rente de cautela y del celo que demanda la función pública
del notario. *In re Vera Vélez*, ante.

Concluimos, en consecuencia, que la abogada notario
María Milagros Charbonier Laureano, al actuar como lo
hizo el día 27 de octubre de 1999, efectivamente infringió
las disposiciones de los citados Cánones 35 y 38 del Código
de Ética Profesional. Somos del criterio que, en vista de
que la presente constituye la primera queja o querella ra-
dicada contra la mencionada abogada-notario, procede que
en esta ocasión únicamente *censuremos* a la referida
abogada. Se le apercibe contra futuras infracciones.

*Se dictará Sentencia de conformidad.*

El Juez Asociado Señor Rivera Pérez no intervino.