EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                     | 2007 TSPR 22    |
|                            |                 |
| Heriberto Montalvo Guzmán  | 170 DPR _____   |

Número del Caso: TS-8273

Fecha: 16 de enero de 2007

Oficina de Inspección de Notarías:

                    Lcda. Carmen H. Carlos
                    Directora

Abogado de la Parte Peticionaria:

                    Lcdo. Miguel A. Ojeda Martínez

Materia: Conducta Profesional
       (La suspensión del abogado advino final y firme el día
        7 de febrero de 2007)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

TS-8273

Heriberto Montalvo Guzmán

PER CURIAM

San Juan, Puerto Rico, a 16 de enero 2007.

El licenciado Heriberto Montalvo Guzmán, en adelante el licenciado Montalvo, fue admitido al ejercicio de la abogacía el 10 de enero de 1986 y al ejercicio del notariado el 16 de enero de 1987. Mediante Sentencia de 20 de mayo de 2005, suspendimos indefinidamente de la práctica de la notaría al referido abogado.[1] Dicha determinación se fundamentó en que éste infringió el Artículo 2 de la Ley Notarial[2], así como el Canon 35 del

_____

[1] *In Re*: Montalvo Guzmán, 2005 T.S.P.R. 82, 2005 J.T.S. 87, 164 D.P.R.____ (2005).

[2] 4 L.P.R.A. sec. 2002.

Código de Ética Profesional.[3]   El  presente procedimiento disciplinario se origina, en síntesis, por el reiterado incumplimiento del licenciado Montalvo con los requerimientos de la Oficina de Inspección de Notarías, en adelante ODIN.  Veamos.

El 10 de diciembre de 2004, previo a ser separado de la notaría, emitimos una Resolución ordenando la incautación preventiva de la obra notarial en poder del licenciado Montalvo.  El 21 de abril de 2005, la Directora de la ODIN, licenciada Carmen H. Carlos, en adelante la Directora, presentó ante nos una "Moción Informativa Sobre Estado de la Inspección de la Obra Notarial Incautada." En dicho escrito la Directora de la ODIN señaló, entre otras cosas, que la obra notarial del referido abogado adolecía de varias deficiencias entre las que se destacaban: falta de encuadernación de las escrituras, foliación consecutiva omitida, notas de saca incompletas, notas de apertura y cierre omitidas.  Asimismo, la Directora puntualizó que las escrituras habían sido recibidas sin haberse cancelado los aranceles notariales correspondientes en sellos de rentas internas, sellos de impuesto notarial y sellos de Asistencia Legal.  Indicó que el licenciado Montalvo había otorgado testamentos sin dar fe del conocimiento del testador y de los testigos, así como que éste aparecía otorgando testamentos el mismo día y a la misma hora.  Señaló que dicho abogado incumplió con los múltiples requerimientos de la ODIN para que

---

[3] 4 L.P.R.A. Ap. IX, C. 35.

entregara índices notariales e informes anuales adeudados. Finalmente, señaló que desde el 14 de mayo de 2002, fecha en que se extraviaron los protocolos notariales del licenciado Montalvo, debido a un alegado robo y escalamiento en sus oficinas, **éste no había hecho nada para reconstruir los mismos.**[4] Así las cosas, el 7 de octubre de 2005 emitimos una Resolución concediéndole al licenciado Montalvo un término de veinte (20) días, so pena de desacato, **para corregir las deficiencias señaladas por la ODIN.** El 17 de febrero de 2006 le concedimos al abogado en cuestión un término de veinte (20) días para mostrar causa por la cual no debía ser suspendido del ejercicio de la abogacía. El 10 de marzo de 2006, la Directora de la ODIN presentó ante este Foro una "Moción Informativa y Solicitud de Orden" mediante la cual informó que, a pesar del tiempo transcurrido desde la incautación de la obra notarial del licenciado Montalvo, **éste no había corregido las deficiencias señaladas por la ODIN.** Asimismo, la Directora nos informó que el referido abogado no había realizado gestión alguna en relación a los protocolos, alegadamente hurtados, correspondientes a los años 1989, 1990, 1991, 1992, 1995, 1997, 1998, 1999 y 2000. El 7 de abril de 2006 le concedimos al licenciado Montalvo un término de veinte (20) días para que mostrara causa por la cual no debía ser suspendido del ejercicio de

---

[4] Del expediente surge que el licenciado Montalvo se contradijo en varias ocasiones sobre la fecha en que ocurrieron los hechos alegados. De igual manera, éste notificó sobre el alegado hurto un año y cinco meses después de transcurridos dichos hechos alegados.

la abogacía por no subsanar las deficiencias señaladas por la ODIN. El 9 de junio de 2006, éste presentó una "Moción en Cumplimiento de Orden" en la que informó que las deficiencias señaladas por la ODIN **habían sido subsanadas** y que estaban disponibles para inspección. El 30 de junio de 2006 le concedimos un término de veinte (20) días a la ODIN para exponer su posición con respecto a la moción en cumplimiento de orden presentada por el referido abogado. Finalmente, el 9 de agosto de 2006, la Directora de la ODIN presentó una "Moción Informativa en Cumplimiento de Orden" en la que nos informó que, **contrario a lo intimado por el licenciado Montalvo, subsistían varias deficiencias sin subsanar en su obra notarial. Indicó que todavía quedaba pendiente una deuda arancelaria de $441 en sellos de Asistencia Legal, así como que no se había efectuado ninguna gestión para reconstruir los protocolos, alegadamente hurtados, correspondientes a los años 1989, 1990, 1991, 1992, 1995, 1997, 1998, 1999 y 2000.**

Es obligación ineludible de todo abogado responder diligentemente a los requerimientos de este Tribunal, así como a los **de la Oficina de Inspección de Notarías.**[5] Hemos determinado que una vez el abogado se aparta de cumplir con las obligaciones y deberes que le impone la ley y el ordenamiento ético, incurre en conducta que acarrea una

---

[5] *In Re*: Moreno Franco, 2006 T.S.P.R. 10, 2006 J.T.S. 19, 166 D.P.R.___(2006); *In Re:* Rivera Irizarry, 155 D.P.R. 687 (2001).

sanción disciplinaria, ya que lesiona la confianza y la función pública en él depositada.[6]

El abogado de epígrafe ha incumplido reiteradamente con los requerimientos de la ODIN para que corrija varias deficiencias en su obra notarial, incluyendo la reconstrucción de protocolos notariales, alegadamente hurtados. Dicho abogado no ha sido diligente con su proceder para así evitar ser separado de la práctica de la abogacía. No podemos avalar un curso de acción que no hace otra cosa que ensombrecer y soslayar los postulados más fundamentales de la profesión que estamos obligados a proteger y custodiar.

En vista de lo anterior, se decreta la suspensión inmediata e indefinida de Heriberto Montalvo Guzmán del ejercicio de la abogacía.

Se dictará Sentencia de conformidad

---

[6] *In Re*: Charbonier Laureano, 156 D.P.R. 575 (2002).

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

TS-8273

Heriberto Montalvo Guzmán

SENTENCIA

San Juan, Puerto Rico, a 16 de enero de 2007.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, suspendemos al licenciado Heriberto Montalvo Guzmán inmediata e indefinidamente del ejercicio de la abogacía. Se le impone el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Deberá, además, certificarnos dentro del término de treinta (30) días a partir de la notificación de esta Opinión Per Curiam y Sentencia, del cumplimiento de estos deberes.

Notifíquese personalmente al querellado con copia de la Opinión Per Curiam que antecede y de esta Sentencia.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo