per curiam:
El Ledo. Heriberto Montalvo Guzmán (licenciado Montalvo) fue admitido al ejercicio de la abogacía el 10 de enero de 1986 y al ejercicio del notariado el 16 de enero de 1987. Mediante Sentencia de 20 de mayo de 2005 lo suspendimos indefinidamente de la práctica de la notaría.(1) Dicha determinación se fundamentó en que éste infringió el Art. 2 de la Ley Notarial de Puerto Rico,(2) así como el Canon 35 del Código de Ética Profesional.(3) El presente procedimiento disciplinario se origina, en síntesis, por el reiterado incumplimiento del licenciado Mon *848 talvo con los requerimientos de la Oficina de Inspección de Notarías (ODIN). Veamos.
El 10 de diciembre de 2004, previo a ser separado de la notaría, emitimos una Resolución en la que ordenamos la incautación preventiva de la obra notarial en poder del licenciado Montalvo. El 21 de abril de 2005 la Directora de ODIN, Leda. Carmen H. Carlos (Directora), presentó ante nos una Moción Informativa sobre Estado de la Inspección de la Obra Notarial Incautada. En dicho escrito la Directora de ODIN señaló, entre otras cosas, que la obra notarial del referido abogado adolecía de varias deficiencias entre las que se destacaban: falta de encuadernación de las escrituras, foliación consecutiva omitida, notas de saca incompletas, notas de apertura y cierre omitidas. Asimismo, la Directora puntualizó que las escrituras se habían recibido sin haberse cancelado los aranceles notariales correspondientes en sellos de rentas internas, sellos de impuesto notarial y sellos de Asistencia Legal. Indicó que el licenciado Montalvo había otorgado testamentos sin dar fe del conocimiento del testador y de los testigos, así como que éste aparecía otorgando testamentos el mismo día y a la misma hora. Señaló que dicho abogado incumplió con los múltiples requerimientos de ODIN para que entregara índices notariales e informes anuales adeudados. Finalmente, señaló que desde el 14 de mayo de 2002, fecha en que se extraviaron los protocolos notariales del licenciado Montalvo debido a un alegado robo y escalamiento en sus oficinas, éste no había hecho nada para reconstruirlos.(4) Así las cosas, el 7 de octubre de 2005 emitimos una Resolución para concederle al licenciado Montalvo un término de veinte días, so pena de desacato, para corregir las deficiencias señaladas por la ODIN. El 17 de febrero de 2006 le concedimos al abogado en cuestión un término de veinte días para mostrar causa por la cual no debía ser suspen *849 dido del ejercicio de la abogacía. El 10 de marzo de 2006 la Directora de ODIN presentó ante este Foro una Moción Informativa y Solicitud de Orden, mediante la cual informó que, a pesar del tiempo transcurrido desde la incautación de la obra notarial del licenciado Montalvo, éste no había corregido las deficiencias señaladas por ODIN. Asimismo, la Directora nos informó que el referido abogado no había realizado gestión alguna en relación con los Protocolos, alegadamente hurtados, correspondientes a 1989, 1990, 1991, 1992, 1995, 1997, 1998, 1999 y 2000. El 7 de abril de 2006 le concedimos al licenciado Montalvo un término de veinte días para que mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía por no subsanar las deficiencias señaladas por ODIN. El 9 de junio de 2006, éste presentó una Moción en Cumplimiento de Orden, en la que informó que las deficiencias señaladas por ODIN habían sido subsanadas y que estaban disponibles para inspección. El 30 de junio de 2006 le concedimos un término de veinte días a ODIN para exponer su posición con respecto a la moción en cumplimiento de orden presentada por el referido abogado. Finalmente, el 9 de agosto de 2006 la Directora de ODIN presentó una Moción Informativa en Cumplimiento de Orden, en la que nos informó que, contrario a lo planteado por el licenciado Montalvo, subsistían varias deficiencias sin subsanar en su obra notarial. Indicó que todavía quedaba pendiente una deuda arancelaria de $441 en sellos de Asistencia Legal, así como que no se había efectuado ninguna gestión para reconstruir los Protocolos, alegadamente hurtados, correspondientes a 1989, 1990, 1991, 1992, 1995, 1997, 1998, 1999 y 2000.
Es obligación ineludible de todo abogado responder diligentemente a los requerimientos de este Tribunal, así como a los de la Oficina de Inspección de Notarías.(5) He-mos determinado que una vez el abogado se aparta de cumplir con las obligaciones y los deberes que le impone la *850 ley y el ordenamiento ético, incurre en conducta que acarrea una sanción disciplinaria, ya que lesiona la confianza y la función pública en él depositada.(6)
El abogado de epígrafe ha incumplido reiteradamente con los requerimientos de ODIN para que corrija varias deficiencias en su obra notarial, incluso la reconstrucción de Protocolos notariales alegadamente hurtados. Dicho abogado no ha sido diligente con su proceder para evitar que lo separen de la práctica de la abogacía. No podemos avalar un curso de acción que no hace otra cosa que ensombrecer y soslayar los postulados fundamentales de la profesión que estamos obligados a proteger y custodiar.
En vista de lo anterior, se decreta la suspensión inmediata e indefinida de Heriberto Montalvo Guzmán del ejercicio de la abogacía.

Se dictará sentencia de conformidad.

El Juez Asociado Señor Rebollo López no intervino.

 In re Montalvo Guzmán, 164 D.P.R. 806 (2005).

 4 L.P.R.A. see. 2002.

 4 L.P.R.A. Ap. IX.

 Del expediente surge que el licenciado Montalvo se contradijo en varias ocasiones sobre la fecha en que ocurrieron los hechos alegados. De igual manera, éste notificó sobre el alegado hurto un año y cinco meses después de transcurridos dichos hechos alegados.

 In re Moreno Franco, 166 D.P.R. 787 (2006); In re Rivera Irizarry, 155 D.P.R. 687 (2001).

 In re Charbonier Laureano, 156 D.P.R. 575 (2002).