per curiam:
El Lie. Armando Lloréns Sar (licenciado Lloréns) fue admitido al ejercicio de la abogacía el 30 de enero de 2002. El presente procedimiento disciplinario surge, en esencia, por hechos relacionados a una querella, ante el Tribunal de Primera Instancia, sobre asuntos laborales en la que el abogado de marras fungía como representante legal de una de las partes. Veamos.
*199 HH
El 25 de agosto de 2004 el Sr. Héctor Torres Martínez (querellante) presentó una querella contra Aguakem Caribe, Inc. (querellada), mediante la cual alegó, entre otras cosas, que fue despedido de su empleo en contravención a la Ley del Sistema de Compensaciones por Accidentes del Trabajo(1) y a la Ley de Represalias.(2) Para tramitar su causa de acción, el querellante se acogió al procedimiento sumario que provee la Ley Núm. 2 de 17 de octubre de 1961.(3)
La querellada fue emplazada el 26 de octubre de 2004 con una copia de la querella. Procedió a contestarla el 10 de noviembre de 2004 por conducto del licenciado Lloréns. Ante esta situación, el querellante solicitó que se dictara sentencia en rebeldía a su favor. Fundamentó su pedimento en que la querellada no contestó ni presentó una solicitud de prórroga juramentada dentro del término de diez días dispuesto por la Ley Núm. 2, supra, para contestar reclamaciones laborales al amparo del procedimiento sumario. Mediante Resolución de 26 de mayo de 2005,(4) el Tribunal de Primera Instancia procedió a anotarle la rebeldía a la parte querellada.
El foro primario celebró una vista en rebeldía el 29 de junio de 2005.(5) El 13 de septiembre de 2005(6) el foro en cuestión dictó sentencia a favor del querellante, ordenándole a la querellada que le restituyera en el empleo y le pagara $41,388.90 por salarios dejados de percibir, sufri *200 mientos y angustias mentales. Le impuso, además, el pago de $5,173.61 por honorarios de abogado.
El 30 de septiembre de 2005 la querellada presentó ante el Tribunal de Primera Instancia una moción de determinaciones de hechos adicionales, así como una moción de reconsideración. El 5 de octubre de 2005(7) el foro a quo decretó “no ha lugar” a ambas solicitudes.
Inconforme con dicha determinación, el 14 de noviembre de 2005 la querellada presentó un recurso de apelación ante el foro intermedio apelativo. Mediante Sentencia de 22 de noviembre de 2005,(8) el Tribunal de Apelaciones desestimó dicho recurso por falta de jurisdicción. Fundamentó esta determinación en que la querellada contestó la reclamación presentada en su contra fuera del término jurisdiccional de diez días que provee la See. 3 de la Ley Núm. 2, supra.(9) Asimismo, el foro intermedio apelativo concluyó que carecía de jurisdicción por que la querellada había presentado su recurso de apelación casi dos meses después de que el foro primario dictara sentencia en rebeldía. Concluyó que la querellada no cumplió con las disposiciones de la Ley Núm. 2, supra, en cuanto al término de diez días que tiene una parte para revisar una determinación adversa.(10) Finalmente, concluyó que la querellada erró al presentar un recurso de apelación cuando lo que procedía en derecho, al amparo de la Ley Núm. 2, supra, era presentar un recurso de certiorari.
Insatisfecha con tal determinación, la querellada acudió ante nos mediante una solicitud de certiorari el 29 de diciembre de 2005. El 24 de marzo de 2006 emitimos una resolución declarando “no ha lugar” a tal solicitud. Fundamentamos tal denegatoria en que dicho recurso había sido presentado frívolamente. Le impusimos el pago de $500 al *201 representante legal de la querellada, o sea, al licenciado Lloréns. Ante el incumplimiento de dicho abogado, el 15 de agosto de 2006 emitimos una resolución, concediéndole un término de diez días para cumplir con nuestra Resolución de 24 de marzo de 2006. Apercibimos al licenciado Lloréns que incumplir con tal determinación podría conllevar sanciones más severas. Finalmente, el 3 de noviembre de 2006 emitimos una resolución y le concedimos al referido abogado un término de veinte días para mostrar causa por la cual no debía ser suspendido del ejercicio de la abogacía. Se le notificó personalmente con copia de dicha resolución. El abogado de epígrafe, nuevamente, incumplió con nuestros requerimientos.
De acuerdo con la relación fáctica que antecede, procedemos a resolver el procedimiento disciplinario ante nos.
H-1 hH
Es obligación ineludible de todo abogado responder diligentemente a los requerimientos de este Tribunal.(11) He-mos determinado que una vez el abogado no cumple con las obligaciones y deberes que le impone la ley y el ordenamiento ético, incurre en una conducta que acarrea una sanción disciplinaria, ya que lesiona la confianza y la función pública depositada en él.(12)
El abogado de epígrafe ha incumplido reiteradamente con los requerimientos de este Tribunal para que satisfaga la sanción de $500, impuesta por presentar un recurso fívolo. Tampoco ha cumplido con nuestra orden para mostrar causa por la cual no deba ser suspendido de la profesión de abogado. Dicho abogado no ha sido diligente en su proceder para evitar ser separado de la práctica de la abogacía.
*202 HH h—H HH
En vista de lo anterior, se decreta la suspensión inmediata e indefinida de Armando Lloréns Sar del ejercicio de la abogacía.

Se dictará sentencia de conformidad.

 Ley Núm. 45 de 18 de abril de 1935, según enmendada.

 Ley Núm. 115 de 20 de diciembre de 1991.

 32 L.P.R.A. secs. 3118-3132.

 Notificada a las partes el 31 de mayo de 2005.

 La querellada compareció a esta vista en rebeldía.

 Notificada a las partes el 23 de septiembre de 2005.

 Notificada a las partes el 14 de octubre de 2005.

 Notificada a las partes el 29 de noviembre de 2005.

 32 L.P.R.A. sec. 3120.

 32 L.P.R.A. secs. 3121 y 3123.

 In re Moreno Franco, 166 D.P.R. 787 (2006); In re Rivera Irizarry, 155 D.P.R. 687 (2001).

 In re Charbonier Laureano, 156 D.P.R. 575 (2002).