EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Maribel Rosario Cartagena | 2007 TSPR 53 <br><br> 170 DPR _____ |

Número del Caso: TS-12347

Fecha: 21 de febrero de 2007

Abogada de la Parte Peticionaria:

Por Derecho Propio

Oficina de Inspección de Notarías:

Lcda. Carmen H. Carlos
Directora

Materia: Conducta Profesional
        (La suspensión de  la abogada advino final y firme el
        día 20 de marzo de 2007).

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correcciones del proceso
de compilación y publicación oficial de las decisiones del
Tribunal. Su distribución electrónica se hace como un servicio
público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

                              TS-12347

Maribel Rosario Cartagena

                           PER CURIAM

San Juan, Puerto Rico, a 21 de febrero de 2007.

La licenciada Maribel Rosario Cartagena fue admitida al ejercicio de la abogacía el 23 de enero de 1998 y al ejercicio del notariado el 21 de mayo de ese mismo año.

El presente procedimiento disciplinario tiene su génesis en un informe, remitido a este Foro, por parte de la Oficina de Inspección de Notarías, en adelante ODIN, mediante el cual se nos informó de ciertas deficiencias en la obra notarial de la abogada de epígrafe. Veamos los hechos que dan pie al ejercicio de nuestra función disciplinaria.

                              I

El 28 de septiembre de 2006, la Directora de

la ODIN, licenciada Carmen H. Carlos, en adelante la Directora, sometió ante este Foro un informe referente al estado de la obra notarial de la licenciada Rosario Cartagena. En éste, nos informó que dicha abogada incurrió en diversas infracciones a los artículos 12, 13, 59 y 60 de la Ley Notarial de Puerto Rico[1], así como a las reglas 13 y 72 de su Reglamento.[2] Según se desprende del referido informe, la abogada de marras ha faltado a su deber de: rendir índices mensuales, radicar informes de actividad notarial anual, mantener el registro de testimonios al día. Se desprende del informe, además, que, al día de hoy, la ODIN desconoce el número de testimonios autorizados por la licenciada Rosario Cartagena desde agosto de 2003. Por último, surge del referido informe que, luego de autorizar diversos testimonios, la letrada omitió cancelar los correspondientes sellos de asistencia legal.

El 3 de noviembre de 2006, emitimos una Resolución concediéndole a la querellada un término de veinte (20) días para expresarse sobre las deficiencias señaladas por la ODIN.

Mediante una "Moción en Cumplimiento de Orden" de 6 de diciembre de 2006, ésta indicó que entendía la gravedad de los señalamientos contenidos en el informe, así como que se habían subsanado **<u>algunas</u>** de las deficiencias señaladas en el informe que cursara la Directora de ODIN a este Foro. Finalmente, intimó que

---

[1] 4 L.P.R.A. sec. 2023; 4 L.P.R.A. sec. 2031(A); 4 L.P.R.A. sec. 2094; 4 L.P.R.A. sec. 2095.

[2] 4 Ap. XXIV R. 13; 4 Ap. XXIV R. 72.

no se habían podido corregir ciertas deficiencias en los testimonios por ella autorizados, toda vez que, para corregir los mismos, los otorgantes debían acudir a los tribunales a dilucidar ciertas controversias referentes a la distribución y contenido de cierto caudal hereditario. Finalmente, aceptó la comisión de las infraccionadas señaladas en el informe de la ODIN y se allanó a cualquier sanción disciplinaria que estimáramos procedente.

Mediante Resolución de 22 de diciembre, le concedimos a la querellada un término **final** de veinte (20) días para: rendir los índices mensuales ausentes de su obra notarial; rendir los informes anuales correspondientes a los años 2003, 2004, 2005; realizar las anotaciones correspondientes en su libro de registro de testimonios, así como para que procediera a  cancelar los sellos de asistencia legal que no estuviesen debidamente cancelados. Le concedimos el término de veinte (20) días para mostrar causa por la cual no debía ser suspendida indefinidamente del ejercicio de la notaría. Se le notificó personalmente y se le apercibió que, de no comparecer, se habría de disponer de este asunto sin más citarle ni oírle. Transcurrido el término concedido, este Foro no ha recibido contestación de la querellada. En virtud de lo anterior, procedemos a resolver.

II

Es obligación ineludible de todo abogado responder diligentemente a los requerimientos de este Tribunal.[3] Hemos

---

[3] *In Re*: Moreno Franco, 2006 T.S.P.R. 10, 2006 J.T.S. 19, 166 D.P.R.___(2006); *In Re:* Rivera Irizarry, 155 D.P.R. 687 (2001).

determinado que una vez el abogado se aparta de cumplir con las obligaciones y deberes que le impone la ley y el ordenamiento ético, incurre en conducta que acarrea una sanción disciplinaria, ya que lesiona la confianza y la función pública en él depositada.[4]

La abogada de epígrafe ha incumplido con los requerimientos de este Tribunal para que corrigiera las deficiencias en su obra notarial, así como para que cancelara los sellos de asistencia legal que no estuviesen debidamente cancelados. Tampoco ha cumplido con nuestra Orden para mostrar causa por la cual no deba ser suspendida de la práctica de la notaría. Dicha abogada no ha sido diligente en su proceder para así evitar ser separada de la misma.

III

En vista de lo anterior, se decreta la suspensión inmediata e indefinida de Maribel Rosario Cartagena del ejercicio de la notaría.

Se dictará Sentencia de conformidad.

---

[4] *In Re*: Charbonier Laureano, 156 D.P.R. 575 (2002).

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:


Maribel Rosario Cartagena                TS-12347




SENTENCIA


San Juan, Puerto Rico, a 21 de febrero de 2007.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se decreta la suspensión inmediata e indefinida de Maribel Rosario Cartagena del ejercicio de la notaría en Puerto Rico.

Se le impone el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándoles, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión, como notario público, a los distintos foros judiciales y administrativos del país. Deberá, además, certificarnos dentro del término de treinta (30) días, a partir de la notificación de esta Opinión Per Curiam y Sentencia, del cumplimiento de estos deberes.

Se ordena al Alguacil General de este Tribunal a incautarse de la obra y sello notarial de Rosario Cartagena, debiendo entregar la misma a la Oficina de la Directora de Inspección de Notaría.

Notifíquese personalmente a la querellada con copia de la Opinión que antecede y de esta Sentencia.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo.  El Juez Asociado señor Rebollo López no intervino.


                         Aida Ileana Oquendo Graulau
                         Secretaria del Tribunal Supremo