per curiam:
La Leda. Maribel Rosario Cartagena fue admitida al ejercicio de la abogacía el 23 de enero de 1998 y al ejercicio del notariado el 21 de mayo de ese mismo año.
Este procedimiento disciplinario tiene su génesis en un informe remitido a este Foro por parte de la Oficina de Inspección de Notarías (ODIN), mediante el cual se nos informó de ciertas deficiencias en la obra notarial de la abogada de epígrafe. Veamos los hechos que dan pie al ejercicio de nuestra función disciplinaria.
*359 I
El 28 de septiembre de 2006, la Directora de ODIN, Leda. Carmen H. Carlos (la Directora), sometió ante este Foro un informe referente al estado de la obra notarial de la licenciada Rosario Cartagena. En éste nos informó que dicha abogada incurrió en diversas infracciones a los Arts. 12, 13, 59 y 60 de la Ley Notarial de Puerto Rico,(1) así como a las Reglas 13 y 72 de su Reglamento.(2) Según se desprende del informe, la abogada ha faltado a su deber de rendir índices mensuales, presentar los informes de la actividad notarial anual y mantener el registro de testimonios al día. Se indica en el informe, además, que al día de hoy la ODIN desconoce el número de testimonios autorizados por la licenciada Rosario Cartagena desde agosto de 2003. Por último, surge del referido informe que, luego de autorizar diversos testimonios, la letrada omitió cancelar los correspondientes sellos de asistencia legal.
El 3 de noviembre de 2006 emitimos una resolución para concederle a la querellada un término de veinte días para expresarse sobre las deficiencias señaladas por la ODIN.
Mediante una "Moción en Cumplimiento de Orden” de 6 de diciembre de 2006, ésta indicó que entendía la gravedad de los señalamientos contenidos en el informe, así como que se habían subsanado algunas de las deficiencias señaladas en el informe que cursara la Directora de ODIN a este Foro. Finalmente, intimó que no se habían podido corregir ciertas deficiencias en los testimonios por ella autorizados, ya que, para corregirlos, los otorgantes debían acudir a los tribunales a dilucidar ciertas controversias referentes a la distribución y el contenido de cierto caudal hereditario. Finalmente, aceptó la comisión de las infracciones señaladas en el informe de la ODIN y se allanó a *360 cualquier sanción disciplinaria que estimáramos procedente.
Mediante Resolución de 22 de diciembre, le concedimos a la querellada un término de veinte días para rendir los índices mensuales ausentes de su obra notarial; rendir los informes anuales correspondientes a los años 2003, 2004 y 2005; realizar las anotaciones correspondientes en su libro de registro de testimonios, y para que procediera a cancelar los sellos de asistencia legal que no estuviesen debidamente cancelados. Le concedimos el término de veinte días para que mostrara causa por la cual no debía ser suspendida indefinidamente del ejercicio de la notaría. Se le notificó personalmente y se le apercibió de que, de no comparecer, se habría de disponer de este asunto sin más citarle ni oírle. Transcurrido el término concedido, este Foro no ha recibido contestación de la querellada. En virtud de lo anterior, procedemos a resolver.
II
Es obligación ineludible de todo abogado responder diligentemente a los requerimientos de este Tribunal.(3) He-mos determinado que una vez el abogado se aparta de cumplir con las obligaciones y los deberes que le impone la ley y el ordenamiento ético, incurre en una conducta que acarrea una sanción disciplinaria, ya que lesiona la confianza y la función pública en él depositadas.(4)
La abogada de epígrafe ha incumplido con los requerimientos de este Tribunal para que corrigiera las deficiencias en su obra notarial, así como para que cancelara los sellos de asistencia legal que no estuviesen debidamente cancelados. Tampoco ha cumplido con nuestra orden para mostrar causa por la cual no deba ser suspendida de la *361 práctica de la notaría. Dicha abogada no ha sido diligente en su proceder para así evitar ser separada de ésta.
III
En vista de lo anterior, se decreta la suspensión inmediata e indefinida de Maribel Rosario Cartagena del ejercicio de la notaría.

Se dictará sentencia de conformidad.

El Juez Asociado Señor Rebollo López no intervino.

 4 L.P.R.A. secs. 2023, 2031 y 2094-2095.

 4 L.PR.A. Ap. XXIV.

 In re Moreno Franco, 166 D.P.R. 787 (2006); In re Rivera Irizarry, 155 D.P.R. 687 (2001).

 In re Charbonier Laureano, 156 D.P.R. 575 (2002).