EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                       | 2016 TSPR 49      |
|                              |                   |
| Aida Martha Lebrón Arroyo    | 195 DPR _____     |

Número del Caso: TS-4,766

Fecha: 16 de marzo de 2016

Oficina de Inspección de Notarías:

       Lcdo. Manuel E. Ávila de Jesús
       Director

 Programa de Educación Jurídica Continua:

       Lcda. Geisa Marrero
       Directora

Materia: Conducta Profesional – La suspensión será efectiva el 30 de marzo de 2016, fecha en que se le notificó a la abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| *In re* | |
| Aida Martha Lebrón Arroyo | TS-4,766 |

*PER CURIAM*

San Juan, Puerto Rico, a 16 de marzo de 2016

I

La Lcda. Aida Martha Lebrón Arroyo fue admitida al ejercicio de la abogacía el 20 de mayo de 1975 y al de la notaría el 20 de febrero de 1976.

El 22 de diciembre de 2015, el director de la Oficina de Inspección de Notarías, el Lcdo. Manuel E. Ávila de Jesús, compareció ante este Tribunal, mediante escrito intitulado *Moción urgente solicitando auxilio del Tribunal para ordenar incautación de obra protocolar y otros remedios*. En éste, expuso que desde el 2012 la ODIN ha intentado comunicarse infructuosamente con la licenciada Lebrón Arroyo con tal de inspeccionar su obra protocolar. Asimismo, señaló que cuando personal de la ODIN se personó a la sede notarial de la licenciada Lebrón Arroyo, ésta les indicó que su obra notarial estaba "regada" en una habitación. Luego, sin embargo, cambió su versión inicial y dijo que ésta no se encontraba en su residencia, sino en la de su hija. Así las cosas, el director de la ODIN

solicitó que este Tribunal ordenara la incautación inmediata de la obra protocolar y el sello notarial de la licenciada Lebrón Arroyo y que evaluáramos la posibilidad de suspenderla indefinidamente del ejercicio de la notaría. Asimismo, solicitó que le impusiéramos una sanción monetaria a la licenciada en cuestión, al amparo del artículo 62 de la *Ley notarial de Puerto Rico*, 4 L.P.R.A. sec. 2102.

Acogida la solicitud del director de la ODIN, el 12 de enero de 2015, este Tribunal, en lo pertinente, emitió una resolución ordenando la incautación inmediata de la obra protocolar y el sello notarial de la licenciada Lebrón Arroyo. Asimismo, le concedió a ésta un término improrrogable de diez (10) días para que compareciera y mostrara causa por la cual no debía ser suspendida indefinidamente del ejercicio de la notaría. Conviene destacar, además, que la resolución emitida por este Tribunal se le notificó personalmente a la licenciada Lebrón Arroyo. Vencido el referido término, ésta no ha comparecido ni ha solicitado prórroga para comparecer.

II

El Canon 9 del Código de Ética Profesional dispone que "[e]l abogado debe observar con los tribunales una conducta que se caracterice por el mayor respeto". Código de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 9. Véase *In re Fontanez Fontanez*, 181 D.P.R. 407, 416 (2011). Así, los abogados están obligados a prestar atención y obedecer

diligentemente las órdenes emitidas por los tribunales. *In re Dávila Toro*, 179 D.P.R. 833, 840 (2010). Por tanto, incumplir con las órdenes emitidas por este Tribunal, aun en casos disciplinarios, acarrea la imposición de severas sanciones disciplinarias, como, por ejemplo, la suspensión indefinida del ejercicio de la abogacía. Véase *In re Aponte Sánchez*, 178 D.P.R. 647, 649 (2010); *In re Meléndez González*, 166 D.P.R. 196, 198 (2005). Ello, puesto que "[d]esatender las órdenes dictadas constituye una grave ofensa a la autoridad del tribunal en clara violación al mandato expreso del Canon 9". *In re Dávila Toro*, 179 D.P.R. en la pág. 841 (citas omitidas).

Como se sabe, "la notaría es una función de cuidado que debe ser ejercida con suma diligencia y celo profesional". *In re Fontanez Fontanez*, 181 D.P.R. en la pág. 418. La ODIN, por su parte, tiene la encomienda de velar por el cumplimiento cabal de las disposiciones de la *Ley notarial de Puerto Rico* y su reglamento. De esta manera, además, propende a la vindicación de los intereses públicos que informan la delicada labor del notario. Este Tribunal, por ende, ha sido enfático al señalar que "[l]os abogados tienen la obligación ineludible de responder diligentemente a los requerimientos de este Tribunal, así como a los de [la] O.D.I.N.". *In re Arroyo Rivera*, 182 D.P.R. 732, 736 (2011). Véase, también, *In re Montalvo Guzmán*, 169 D.P.R. 847 (2007); *In re Rivera Irizarry*, 155 D.P.R. 687 (2001). Por tanto, "procede la suspensión

indefinida e inmediata de la abogacía y la notaría cuando un notario ignora los requerimientos de la ODIN y este Tribunal". *In re Martínez Romero*, 188 D.P.R. 511, 515 (2013).

## III

En el caso ante nuestra consideración, la licenciada Lebrón Arroyo incumplió flagrantemente el precepto ético que consagra el Canon 9 de ética profesional. Esto, al hacer caso omiso de los múltiples requerimientos que le hizo la ODIN, con tal de poder inspeccionar su obra protocolar. No cabe duda, pues, que su conducta se apartó de las normas éticas que regulan la profesión legal en nuestra jurisdicción. Asimismo, la licenciada Lebrón Arroyo no compareció dentro del término improrrogable de diez (10) días que le concedió este Tribunal para que mostrara causa por la cual no debía ser suspendida del ejercicio de la notaría. Esto es, desatendió una orden emitida por este Tribunal. Ello, como se dijo, es fundamento suficiente para suspender a la letrada de epígrafe del ejercicio de la abogacía. Este Tribunal no tolerará la displicencia ni la indiferencia, máxime cuando conciernen asuntos disciplinarios o relacionados con la importante función notarial.

En vista de lo anterior, se suspende inmediata e indefinidamente a la licenciada Lebrón Arroyo del ejercicio de la abogacía y la notaría. Se le impone el deber de notificar a todos sus clientes de su inhabilidad

para seguir representándolos, devolverles cualquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días (30) a partir de la notificación de esta opinión *per curiam* y sentencia.

Por último, se le impone a licenciada Lebrón Arroyo una sanción económica de $500.00 al amparo del artículo 62 de la *Ley notarial de Puerto Rico*, 4 L.P.R.A. sec. 2102.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*


Aida Martha Lebrón Arroyo

                    TS-4766


                    SENTENCIA


San Juan, Puerto Rico, a 16 de marzo de 2016

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se suspende inmediata e indefinidamente a la Lcda. Aida Martha Lebrón Arroyo del ejercicio de la abogacía y la notaría. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolverles cualquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días (30) a partir de la notificación de esta opinión *per curiam* y sentencia.

Por último, se le impone a licenciada Lebrón Arroyo una sanción económica de $500.00 al amparo del artículo 62 de la *Ley notarial de Puerto Rico*, 4 L.P.R.A. sec. 2102.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


                    Juan Ernesto Dávila Rivera
                    Secretario del Tribunal Supremo