per curiam:
El Sr. Carlos R. Maldonado de León y la Sra. Brenda M. Rosario Ruiz (quejosos) contrataron al Ledo. Luis Alberto Cid para que los representara y a tres menores en una demanda por daños y perjuicios. El caso terminó con una transacción por $7,269.10. De esta suma, se le adjudicó $1,000 a cada uno de los menores y el resto a los quejosos.
El 17 de octubre de 2002 fue el día pactado para que el licenciado Cid entregara el dinero de la transacción corres-pondiente a los quejosos. En esa misma fecha el licenciado les expresó que, por problemas económicos personales, nece-sitaba que le “prestaran” el dinero obtenido en la transacción. Los quejosos accedieron a que retuviera la to-talidad del dinero como préstamo. Se hizo una nota donde se estipuló que el licenciado Cid “entregarla] en el plazo de 60 días el total del monto del cheque [de] $7,269.10 a la parte”. Informe de la Comisionada Especial, pág. 4.
Transcurrido más de un año de la fecha pactada y sin haber recibido todavía el dinero, los quejosos contrataron a la Leda. María E. Juarbe para que tramitara el cobro de dinero. La licenciada Juarbe envió varias misivas al licen-ciado Cid para requerirle el pago, tanto del principal como de los intereses adeudados. Este aceptó la deuda, mas no la satisfizo.
Por el reseñado incumplimiento de pago, el 14 de no-viembre de 2003 se presentó una queja ante este Tribunal contra el licenciado Cid. En respuesta a ésta, el 1 de abril de 2005, y mediante una Resolución a esos efectos, instruimos al Procurador General de Puerto Rico para que presentara una querella contra el referido abogado. En cumplimiento *43 de nuestra orden, el Procurador General presentó la corres-pondiente querella el 12 de agosto de 2005, en la que le formuló dos cargos al licenciado Cid. En el primer cargo le imputó haber violentado el Canon 23 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, al retener un dinero tomado en calidad de préstamo a los quejosos, quienes al momento de la transacción eran sus clientes. Además, en el segundo cargo le imputó una violación al Canon 38 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, por lesionar la imagen de la profesión al retener el pago correspondiente a los clien-tes por la transacción de un caso.
El querellado compareció en varias ocasiones y expresó su intención de realizar el pago. Sin embargo, continuó so-licitando tiempo adicional para pagar debido a que “su si-tuación económica [era] muy difícil” y “[tenía] otros compro-misos que estaba tratando de cumplir”. Informe de la Comisionada Especial, pág. 6. El licenciado Cid presentó, además, varias mociones ante nos en las que suplicó que se le permitiera hacer pagos parciales. Empero, los quejosos expresaron en su comparecencia que nunca llegaron a un acuerdo sobre ello.
Después de varias órdenes de este Tribunal para que el licenciado Cid contestara la querella y numerosas solicitu-des de prórroga al respecto, éste presentó su contestación el 14 de junio de 2006. En su contestación alegó que por razo-nes ajenas a su voluntad no había podido cumplir y que “sentfía] que por [su] culpa se utilizara] la oficina del Honorable Procurador como agencia de cobros”.(1) Contestación a querella, pág. 1.
El 4 de agosto de 2006, casi cuatro años desde que re-tuvo el dinero de los quejosos, el licenciado Cid finalmente les pagó el dinero.
*44 El 26 de julio de 2006 nombramos a la Leda. Crisanta González Seda, ex Juez Superior del Tribunal de Primera Instancia, para que, en presencia de las partes, fungiera como Comisionada Especial, recibiera la prueba pertinente y nos rindiera un informe con sus determinaciones de he-cho y recomendaciones de derecho. Concluida la enco-mienda, la Comisionada Especial presentó su informe el 13 de octubre de 2006.
Fundamentándose en las determinaciones de hecho a las que llegó, la Comisionada Especial entendió que el li-cenciado Cid había incurrido en la conducta que le atri-buyó el Procurador General. Concluyó que los quejosos eran clientes del querellante al momento de la retención del cheque, al razonar que el abogado pospuso el acto de entrega del dinero producto de una transacción del caso en el que les representaba. En esencia, determinó que el que-rellado se aprovechó de la información obtenida de la rela-ción abogado-cliente, esto es, la disponibilidad de dinero, para entrar en una relación comercial con éstos. Expresó que el qúerellado utilizó la alegación de que se encontraba en una mala situación económica para justificar el incum-plimiento de pago y la retención del dinero por casi cuatro años. Por estas razones, concluyó que el licenciado Cid ha-bía violado los Cánones 23 y 38 del Código de Etica Profe-sional, ante.
Estando en condiciones de resolver la queja presentada, procedemos a así hacerlo.
I
 Reiteradamente hemos expresado que la relación del abogado con su cliente se debe fundamentar en la ab-soluta. confianza entre ambos. Por lo tanto, requiere un trato profesional caracterizado por la más devota lealtad y la más completa honradez.
Específicamente, el Canon 23 del Código de Etica Profe- *45 sional, ante, dispone, entre otras cosas, que la naturaleza fiduciaria de la relaciones entre el abogado y su cliente exige que estén fundadas sobre la honradez absoluta. Exige, además, total transparencia, particularmente cuando de asuntos de índole económica se trate. El abo-gado debe ser diligente en informar sobre el dinero u otros bienes del cliente que éste posea y no debe mezclarlos con los suyos ni permitir que se mezclen. Ya hemos , manifestado que “ la confianza entre abogado y cliente, en particular, el escrupuloso manejo de fondos, constituye elemento inseparable que se proyecta no sólo dentro del foro togado puer-torriqueño, sino en el respeto y la estima ante la imagen pública’ ”. (Enfasis suplido.) In re Fernández Paoli, 141 D.P.R. 10, 16 (1996).
En sintonía con lo anterior, hemos resuelto que retener cualquier cantidad de dinero perteneciente a clientes infringe los postulados del citado Canon 23 del Código de Etica Profesional. In re Rivera Irizarry, 155 D.P.R. 687, 693 (2001). Repetidamente hemos sostenido que un abogado que retenga fondos pertenecientes a sus clientes amerita una sanción, aunque los hubiera devuelto o aun cuando los hubiera retenido sin la intención de apropiárselos. Así también, la dilación en la devolución es igualmente reprochable, por lo que amerita que se tomen medidas disciplinarias contra el abogado que así actúe. In re Álvarez Aponte, 158 D.P.R. 140, 147 (2002). Tal actuación demuestra menosprecio hacia sus deberes como abogado. In re Rivera Irizarry, supra.
Todo miembro de la clase togada es un espejo en el cual se refleja la imagen de la profesión. In re Sepulveda, Casiano, 155 D.P.R. 193, 205 (2001). Es por esto que el Canon 38 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, enfatiza que “[e]l abogado deberá esforzarse al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios per- *46 sonales y debe evitar hasta la apariencia de conducta pro-fesional impropia”. Además, este canon enfatiza que por la confianza depositada en él como miembro de la ilustre pro-fesión legal, todo abogado, tanto en su vida privada como en el desempeño de su profesión, debe conducirse digna y honorablemente.
II
En mérito de todo lo antes expuesto y de los hechos pro-bados ante la Comisionada Especial, entendemos que el licenciado Cid violó los deberes impuestos por los Cánones 23 y 38 del Código de Ética Profesional, ante. El licenciado Cid actuó impropiamente al retener, bajo el subterfugio de un préstamo, fondos pertenecientes a sus clientes. Esto significa que el querellado se aprovechó de la relación pro-fesional con sus clientes como medio para adquirir fondos para su uso personal. Además, el licenciado Cid tampoco cumplió con la fecha de pago acordada: transcurrieron cua-tro años antes de pagar lo que adeudaba. Entendemos que dicha retención del dinero y la dilación en devolverlo igual-mente violenta las disposiciones del Canon 23 del Código de Ética Profesional, ante.
De igual modo, estimamos que mediante sus actos el licenciado Cid transgredió los deberes que le impuso el Canon 38 del Código de Ética Profesional, ante. Su conducta lesiona la imagen de la profesión de abogado.
Por último, es importante señalar, nuevamente, que la clase togada tiene el deber de responder con premura y diligencia a nuestros requerimientos relacionados con las querellas sobre su conducta profesional. In re Soto Colón, 155 D.P.R. 623, 649 (2001). El patrón de incumplimiento y dejadez para con nuestras órdenes en la esfera disciplinaria es incompatible con el ejercicio de la profesión de abogado. El licenciado Cid se tardó casi un año en con- *47 testar la querella, a pesar de los múltiples requerimientos que se le hicieron.
III
De acuerdo con la discusión que antecede, resolvemos que el licenciado Cid violó los Cánones 23 y 38 del Código de Etica Profesional, ante. Por la gravedad de los hechos del presente caso y del historial disciplinario del licenciado Cid,(2) entendemos que procede decretar la suspensión del Ledo. Luis Alberto Cid del ejercicio de la abogacía por tiempo indefinido.

Se dictará sentencia de conformidad.

La Juez Asociada Señora Rodríguez Rodríguez no intervino.

 El licenciado Cid aprovechó la referida comparecencia para solicitar, además, la reinstalación al ejercicio de la notaría, de la cual lo habíamos suspendido el 17 de septiembre de 1974. Debemos señalar que la misma no cumple con los requisitos establecidos en la Regla 5 del Reglamento de la Comisión de Reputación para el Ejercicio de la Abogacía, 4 L.RR.A. Ap. XVII-C.

 El Lcdo. Luis Alberto Cid fue admitido al ejercicio de la abogacía y de la notaría el 26 de octubre de 1964 y el 17 de mayo de 1965, respectivamente. El 7 de febrero de 1972, en respuesta a una queja instada, emitimos una Resolución me-diante la cual desaprobamos la conducta del licenciado Cid por estar reñida con las normas de ética profesional. En esa ocasión, sin embargo, limitamos nuestra sanción a una reprobación. Luego, el 17 de septiembre de 1974 lo separamos indefinidamente del ejercicio de la notaría.