EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: | 2008 TSPR 17 |
| Luis Alberto Cid | 173 DPR _____ |

Número del Caso: CP-2005-17

Fecha: 30 de enero de 2008

Abogado de la Parte Querellada:

Por Derecho Propio

Oficina del Procurador General:

Lcda. Noemí Rivera de León
Procuradora General Auxiliar

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Lcdo. Luis Alberto Cid                    CP-2005-17

*PER CURIAM*

San Juan, Puerto Rico, a 30 de enero de 2008

El señor Carlos R. Maldonado de León y la señora Brenda M. Rosario Ruiz (en adelante y en conjunto los quejosos) contrataron al licenciado Cid para que los representara a ellos y a tres menores en una demanda por daños y perjuicios. El caso terminó con una transacción por la cantidad de $7,269.10. De esta suma, se le adjudicó $1,000 a cada uno de los menores y el resto a los quejosos.

El 17 de octubre de 2002 fue el día pactado para que el licenciado Cid hiciera entrega del dinero de la transacción correspondiente a los quejosos. En esa misma fecha el licenciado Cid les expresó que, por problemas económicos

personales, necesitaba que le "prestaran" el dinero obtenido en la transacción. Los quejosos accedieron a que retuviera la totalidad del dinero a manera de préstamo. Se hizo una nota donde se estipuló que el licenciado Cid "entregar[ía] en el plazo de 60 días el total del monto del cheque de $7,269.10 a la parte".

Transcurrido más de un año de la fecha pactada y sin haber recibido todavía el dinero, los quejosos contrataron a la Lcda. María E. Juarbe para que tramitara el cobro de dinero. La licenciada Juarbe envió varias misivas al licenciado Cid requiriéndole el pago tanto del principal como de los intereses adeudados. Éste aceptó la deuda, mas no satisfizo la misma.

Por el reseñado imcumplimiento de pago, el 14 de noviembre de 2003 se presentó una queja ante este Tribunal contra el licenciado Cid. En respuesta a ésta, el 1 de abril de 2005, y mediante Resolución a esos efectos, instruimos al Procurador General de Puerto Rico para que presentara una querella en contra del referido abogado. En cumplimiento de nuestra orden, el Procurador General presentó la correspondiente querella el 12 de agosto de 2005, en la que le formuló dos cargos al licenciado Cid. En el primer cargo le imputó haber violentado el Canon 23 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX C.24, al retener un dinero tomado en calidad de préstamo a los quejosos, quienes al momento de la transacción eran sus clientes. Además, en el segundo cargo, le imputó una violación al Canon 38 del Código de Ética Profesional, 4

L.P.R.A. Ap. IX C. 38, por lesionar la imagen de la profesión al retener el pago correspondiente a los clientes por la transacción de un caso.

El querellado compareció en varias ocasiones expresando su intención de realizar el pago. Sin embargo, continuó solicitando tiempo adicional para pagar debido a que "su situación económica [era] muy difícil" y "[tenía] otros compromisos que estaba tratando de cumplir". El licenciado Cid presentó, además, varias mociones ante nos suplicando que se le permitiera hacer pagos parciales. Empero, los quejosos comparecieron expresando que nunca llegaron a un acuerdo sobre ello.

Después de varias órdenes de este Tribunal para que el licenciado Cid contestara la querella y numerosas solicitudes de prórroga al respecto, éste presentó su contestación el 14 de junio de 2006. En su contestación, alegó que por razones ajenas a su voluntad no había podido cumplir y que "sent[ía] que por [su] culpa se utili[zara] la oficina del Honorable Procurador como agencia de cobros".[1]

El 4 de agosto de 2006, casi cuatro años desde que retuvo el dinero de los quejosos, el licenciado Cid finalmente le pagó el dinero a éstos.

---

[1] El licenciado Cid aprovechó la referida comparecencia para solicitar, además, la reinstalación al ejercicio de la notaría, de la cual lo habíamos suspendido el 17 de septiembre de 1974. De entrada debemos señalar que la misma no cumple con los requisitos establecidos en la Regla 5 del Reglamento de la Comisión de Reputación para el Ejercicio de la Abogacía. 4 L.P.R.A. Ap. XVII C.R.5.

El 26 de julio de 2006 nombramos a la Lcda. Crisanta González Seda, ex Juez Superior del Tribunal de Primera Instancia, para que, en presencia de las partes, fungiera de Comisionada Especial, recibiera la prueba pertinente y nos rindiera un informe con sus determinaciones de hecho y recomendaciones de derecho. Concluida la encomienda, la Comisionada Especial presentó su informe el 13 de octubre de 2006.

Fundamentándose en las determinaciones de hecho a las que llegó, la Comisionada Especial entendió que el licenciado Cid había incurrido en la conducta que le atribuyó el Procurador General. Concluyó que los quejosos eran clientes del querellante al momento de la retención del cheque, al razonar que el abogado pospuso el acto de entrega del dinero producto de una transacción del caso en que les representaba. En esencia, determinó que el querellado se _aprovechó_ de la información obtenida de la relación abogado-cliente, esto es, la disponibilidad de dinero, para entrar en una relación comercial con éstos. Expresó la Comisionada que el querellado utilizó la alegación de que se encontraba en una mala situación económica para justificar el incumplimiento de pago y la retención del dinero por casi cuatro años. Por estas razones, concluyó la Comisionada Especial que el licenciado Cid efectivamente había violado los Cánones 23 y 38 del Código de Ética Profesional.

Estando en condiciones de resolver la queja presentada, procedemos a así hacerlo.

I

Reiteradamente hemos expresado que la relación de abogado y cliente debe fundamentarse en la absoluta confianza entre ambos. Por tanto, requiere un trato profesional caracterizado por la más devota lealtad y la más completa honradez.

Específicamente, el Canon 23 del Código de Ética Profesional dispone, entre otras cosas, que la naturaleza fiduciaria de la relaciones entre el abogado y su cliente exige que las mismas estén fundadas sobre la honradez absoluta. 4 L.P.R.A. Ap. IX C. 23. Exige al abogado, además, total transparencia, particularmente cuando de asuntos de índole económica se trate. El abogado debe dar pronta cuenta del dinero u otros bienes del cliente que vengan a su posesión y no debe mezclarlos con los suyos ni permitir que se mezclen. Ya antes hemos manifestado que "la confianza entre abogado y cliente, en particular, el escrupuloso manejo de fondos, constituye elemento inseparable que se proyecta no sólo dentro del foro togado puertorriqueño, sino en el respeto y la estima ante la imagen pública". _In re_ Fernández Paoli, 141 D.P.R. 10, 16 (1996).

En sintonía con lo anterior, hemos resuelto que la retención de cualquier cantidad de dinero perteneciente a clientes infringe los postulados del Canon 23 del Código de Ética Profesional. _In re_ Rivera Irizarry, 155 D.P.R. 687, 693 (2001). Repetidamente hemos sostenido que la retención de fondos pertenecientes a sus clientes por el abogado

amerita una sanción, aunque éste los hubiera devuelto, o aun cuando los hubiera retenido sin la intención de apropiárselos. Así también **la dilación en la devolución es igualmente reprochable por lo que amerita se tomen medidas disciplinarias contra el abogado que así actúe**. *In re Álvarez Aponte*, 158 D.P.R. 140, 147 (2002). Tal actuación por parte del abogado demuestra menosprecio hacia sus deberes como abogado. *In re Rivera Irizarry*, *supra*.

Todo miembro de la clase togada es un espejo en el cual se refleja la imagen de la profesión. *In re Sepúlveda Valentín y Casiano Santiago*, 155 D.P.R. 193, 205 (2001). Es por esto que el Canon 38 subraya que "el abogado deberá esforzarse al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia". 4 L.P.R.A. Ap. IX C.38. Además dicho Canon 38 enfatiza que por razón de la confianza depositada en él como miembro de la ilustre profesión legal, todo abogado, tanto en su vida privada como en el desempeño de su profesión, debe conducirse en forma digna y honorable.

## II

En mérito de todo lo antes expuesto, y de los hechos probados ante la Comisionada Especial, entendemos que el licenciado Cid violó los deberes impuestos por los Cánones 23 y 38 del Código de Ética Profesional. El licenciado Cid actuó impropiamente al retener, bajo el subterfugio de un

préstamo, fondos pertenecientes a sus clientes. Esto es, el querellado se aprovechó de la relación profesional con sus clientes como medio para levantar fondos para su uso personal. En adición, el licenciado Cid tampoco cumplió con la fecha de pago acordada, transcurriendo cuatro (4) años en pagar lo que adeudaba. Entendemos que dicha retención del dinero y la dilación en devolverlo igualmente violenta las disposiciones del Canon 23 de Ética Profesional.

De igual modo, estimamos que, mediante sus actos el licenciado Cid transgredió los deberes impuestos por el Canon 38 de Ética Profesional. Su conducta lesiona la imagen de la profesión de abogado.

Por último, es importante señalar, nuevamente, que la clase togada tiene el deber de responder con premura y diligencia a nuestros requerimientos relacionados con las querellas sobre su conducta profesional. *In re* Soto Colón, 155 D.P.R. 623, 649 (2001). El patrón de incumplimiento y dejadez a nuestras órdenes en la esfera disciplinaria es incompatible con el ejercicio de la profesión de abogado. El licenciado Cid se tardó casi un año en contestar la querella, a pesar de los múltiples requerimientos que a esos efectos se le hicieron.

III

A la luz de la discusión que antecede, resolvemos que el licenciado Cid violó los Cánones 23 y 38 del Código de Ética Profesional. En vista de la gravedad de los hechos del presente caso, y del historial disciplinario del Lcdo.

Cid[2], entendemos procede decretar la suspensión del Lcdo. Luis Alberto Cid del ejercicio de la abogacía por tiempo indefinido.

Se dictará Sentencia de conformidad.

---

[2] El Lcdo. Luis Alberto Cid fue admitido al ejercicio de la abogacía y de la notaría el 26 de octubre de 1964 y el 17 de mayo de 1965, respectivamente. El 7 de febrero de 1972, en respuesta a una queja instada, emitimos una Resolución mediante la cual desaprobamos la conducta del licenciado Cid por estar reñida con las normas de ética profesional. En esa ocasión, sin embargo, limitamos nuestra sanción a una reprobación. Luego, el 17 de septiembre de 1974, lo separamos indefinidamente del ejercicio de la notaría.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Luis Alberto Cid                    CP-2005-17

SENTENCIA

San Juan, Puerto Rico, a 30 de enero de 2008

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual hacemos formar parte íntegra de la presente, dictamos Sentencia resolviendo que el Lcdo. Luis Alberto Cid violó los Cánones 23 y 38 del Código de Ética Profesional. En vista de la gravedad de los hechos del presente caso, y del historial disciplinario de Luis Alberto Cid, decretamos la suspensión de éste del ejercicio de la abogacía en nuestra jurisdicción por tiempo indefinido. Le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos del País. Deberá, además, certificarnos el cumplimiento de estos deberes, dentro del término de treinta (30) días, contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia, notificando también al Procurador General.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo