EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>Grace Monge La Fosse<br>(TS-12,496) | 2019 TSPR 102<br><br>202 DPR _____ |

Número del Caso: AB-2018-26


Fecha: 30 de mayo de 2019


Abogada de la promovida:

    Por derecho propio


Oficina del Procurador General

    Lcda. Lorena Cortés Rivera
    Subprocuradora General

    Lcdo. Joseph G. Feldstein del Valle
    Subprocurador General

    Lcda. Yaizamarie Lugo Fontánez
    Procuradora General Auxiliar


Conducta Profesional: La suspensión será efectiva el 6 de junio de 2019, fecha en que se le notificó a la abogada de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| *In re*:<br><br>Grace Monge La Fosse<br>(TS-12,496) | AB-2018-26 | Conducta<br>Profesional |

*PER CURIAM*

En San Juan, Puerto Rico, a 30 de mayo de 2019.

Atendemos una situación particular de incumplimiento por parte de la Lcda. Grace Monge La Fosse (licenciada Monge La Fosse, promovida o licenciada),[1] con ciertos requerimientos de información que le fueron remitidos por la Oficina del Procurador General (OPG) en el curso de una investigación ética iniciada en su contra a tenor de la Regla 14(d) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B (Supl. 2018).

## I. Caso Núm. KAC-2013-0800

Según surge del expediente, un grupo de exempleados de Pfizer Pharmaceuticals LLC (Pfizer) contrató a la licenciada Monge La Fosse para iniciar una acción de nulidad de los contratos de transacción acordados por

---

[1] La Lcda. Grace Monge La Fosse fue admitida al ejercicio de la abogacía el 16 de julio de 1998 y juramentó como notario el 4 de febrero de 2000.

éstos con su antiguo patrono en ciertos casos en que los demandantes estuvieron representados por otro abogado.[2] La promovida presentó la demanda de impugnación en el caso intitulado <u>Víctor López López *et al.* v. Pfizer Pharmaceuticals LLC, *et al.*</u>, Núm. KAC-2013-0800 en el Tribunal Superior de San Juan. El 1 de abril de 2016 el Tribunal de Primera Instancia dictó una *Sentencia parcial* desestimatoria y el 30 de noviembre de 2016 el Tribunal de Apelaciones confirmó esta determinación.[3]

De otra parte, el 14 de febrero de 2018 el Sr. Víctor López López (señor López López o promovente) presentó una queja en contra de la licenciada Monge La Fosse en donde alegó que la promovida había representado a un grupo de 120 exempleados de Pfizer en el caso Núm. KAC-2013-0800 y, a pesar de haberles cobrado $70.00 mensuales a los miembros del grupo durante cuatro (4) años, la abogada no acudió a las vistas ante el tribunal y recién les había enviado una carta informando que no iba a continuar con el caso. El señor López López afirmó que la promovida le mintió al juez a cargo del caso cuando le informó que los demandantes no tenían interés en proseguir el litigio y que tampoco tenía contacto con ellos. Aseveró que nunca recibió copia de una moción de renuncia presentada ante el tribunal. Indicó, además, que deseaba conocer en qué se

---

[2]  Los casos impugnados fueron los siguientes: KPE-1995-0509, KPE-1995-0595 y KPE-1995-0596.

[3]  Caso Núm. KLAN201600990.

habían gastado los dineros aportados por los clientes para el litigio. Mencionó que la licenciada Monge La Fosse les había solicitado que le proveyeran copia de los expedientes de los casos originales sujetos a impugnación. Según el promovente, los exempleados habían sufragado los costos asociados a esa gestión a un costo de $14,600.00.

El 16 de abril de 2018 la licenciada Monge La Fosse contestó la queja y negó haberle informado al juez que los demandantes no tenían interés en continuar con el caso. Anejó a su moción una copia del *Aviso de desistimiento sin perjuicio* presentado el 23 de diciembre de 2016 en el Tribunal de Primera Instancia y argumentó que tomó esa decisión por razones estratégicas ante las determinaciones desfavorables del juez a cargo del proceso. Destacó que, al desistir sin perjuicio, los demandantes podían someter las reclamaciones nuevamente. Rechazó haber recibido $8,000.00 de cada demandante y adujo que el pago requerido a los clientes fue exclusivamente para gastos de litigio. Agregó que, aunque inicialmente se les cobraba un pago mensual de $39.00, posteriormente se redujo la cuota a $30.00. Alegó que, aun así, la inmensa mayoría de los demandantes incumplieron con el pago. Expuso, además, que tras el paso del Huracán María se vio imposibilitada de subvencionar los gastos del litigio por lo que notificó su renuncia e informó su disposición para que otro abogado continuara las gestiones en el caso. Asimismo, indicó que devolvió a los clientes los pagos por gastos no

incurridos. **En el caso específico del promovente se le reembolsaron $30.00.**

La licenciada Monge La Fosse sostuvo que no cobró por sus servicios. Como prueba de ello, reprodujo parte del *Contrato de servicios profesionales* donde se estipuló que no recibiría honorarios por tramitar la acción de nulidad. Según el acuerdo, en caso de los demandantes prevalecer en el litigio de impugnación, y no ser contratada para la continuación de las causas de acción existentes previas a la transacción judicial, facturaría por el tiempo invertido en el caso.

En cuanto a la copia de los expedientes de los casos previos que se intentaban impugnar, expresó que, como es costumbre, meramente solicitó a los clientes que los trajeran para examinarlos. Advirtió que le había informado al promovente que el expediente estaba disponible para entregarlo a la nueva representación legal.

Por último, argumentó que el desenlace adverso en el caso Núm. KC-2013-0800 se debió a la desestimación de un litigio tramitado erróneamente por otro abogado en el Tribunal Superior de Bayamón, quien copió las alegaciones suscritas por la promovida, a pesar de que no aplicaban a los hechos de ese otro caso. Arguyó que, aunque las circunstancias en ambos litigios eran diferentes, esa desestimación influyó en la determinación desfavorable del juez en el Tribunal Superior de San Juan.

Así las cosas, el 30 de abril de 2018 la Secretaría de este Tribunal refirió la queja a la OPG para investigación e informe.[4]  No obstante, el curso de la investigación se interrumpió a causa de un *impasse* que surgió en torno a las respuestas provistas por la licenciada Monge La Fosse a varios interrogatorios y solicitud de documentos que le fueron cursados por la OPG el **26 de junio de 2018** como parte del trámite investigativo a su cargo.

A continuación, reseñamos los detalles procesales asociados a esta controversia.

## II.  Trasfondo procesal

El 27 de junio de 2018 la OPG presentó una *Moción Informativa sobre gestiones investigativas y solicitud de término* mediante la cual indicó que, luego de examinar el expediente judicial del caso Núm. KAC-2013-0800, surgieron nuevas interrogantes por lo cual el **26 de junio de 2018** le había remitido un segundo requerimiento de información a la licenciada Monge La Fosse y al promovente.  Debido a que la abogada necesitaba tiempo adicional para responder, la OPG solicitó una extensión del término para culminar la investigación y presentarnos su informe.

En vista de lo anterior, el 23 de agosto de 2018 le concedimos a la OPG un término final de cuarenta (40) días

---

[4]  Entre tanto, el 27 de abril de 2018 el Sr. Víctor López López (promovente) sometió una carta retirando su queja.  No obstante, el 23 de julio de 2018 presentó otra carta mediante la cual reiteró su interés en que se contabilizara el dinero recibido por concepto de las cuotas mensuales pagadas durante el transcurso de cuatro (4) años; cuestionó las alegadas gestiones transaccionales de la Lcda. Grace Monge La Fosse con Pfizer Pharmaceuticals, LLC y sus afirmaciones de que el caso marchaba bien.  Además, volvió a mencionar que los demandantes no recibieron copia de la moción de renuncia de representación legal presentada ante el tribunal.

para completar la investigación sobre este asunto y someter su informe.

El 14 de septiembre de 2018 la OPG presentó una *Moción informativa y en solicitud de orden a la parte promovida*.[5] En esta ocasión informó que la licenciada Monge La Fosse no había sometido la información y/o documentación requerida en sus respuestas a las interrogantes **1, 2, 8, 9, 10 y 12** cursadas por la OPG en su requerimiento de 26 de junio de 2018.

El **24 de septiembre de 2018** dispusimos de la solicitud de la OPG mediante *Resolución* de la siguiente forma:

> Se ordena a la Lcda. Grace Monge [La Fosse] que comparezca ante el Procurador General a contestar todas las interrogantes incluidas en el requerimiento de información que le fuera cursado por éste el 26 de junio de 2018. De igual forma, se le ordena entregar toda la documentación y evidencia solicitada por el Procurador General. Tiene para ello un **término perentorio de 20 días**, contado a partir de la notificación de la presente Resolución. Dentro de ese mismo término deberá acreditarnos su cumplimiento con lo aquí dispuesto. (Énfasis en el original suprimido y negrillas suplidas).

El 10 de octubre de 2018 la licenciada Monge La Fosse sometió una *Moción en cumplimiento de orden / Moción urgente para aclarar registro y orden / Moción de reconsideración* donde afirmó haber contestado por escrito

---

**5** Acompañó la moción con copia de varias comunicaciones entre la Oficina del Procurador General y la Lcda. Grace Monge La Fosse, la *Contestación a requerimiento de 3 de mayo de 2018* remitida el 10 de septiembre de 2018, y el *Contrato de servicios profesionales*.

todos los requerimientos de la OPG.**6** Incorporó a su moción su *Contestación a la querella*, porciones del *Contrato de servicios profesionales* y copia digitalizada del *Aviso de desistimiento sin perjuicio* en el caso Núm. KAC-2013-0800. Señaló, además, que estaba dispuesta a reunirse personalmente con la persona designada de la OPG y el promovente, pero no le había quedado claro si en la *Resolución* de 24 de septiembre de 2018 se le ordenaba comparecer personalmente o por escrito ante la OPG. Reclamó que la queja era improcedente y un subterfugio para obligarla a retirar su renuncia. Nuevamente argumentó que la sentencia desestimatoria se debió a la apreciación errónea del Tribunal de San Juan de que los hechos del pleito en el Tribunal Superior Bayamón y del caso Núm. KAC-2013-0800 eran análogos. Relató que, después de la última reunión grupal con los demandantes, se acordó otra reducción de gastos que resultó viable debido a una economía de escala. Adujo que, sin embargo, durante todo el verano de 2017 los demandantes nuevamente incumplieron crasamente con el pago de los gastos del litigio. Añadió que sus oficinas principales sufrieron daños graves a consecuencia del paso del Huracán María por lo cual no podía subvencionar los gastos del litigio que se habían acumulado por la falta de pago previo al

---

**6** Entre otros, incluyó junto a su moción copia de los siguientes documentos: *Contrato de servicios profesionales*, giros postales de diferentes sumas girados por el promovente a favor de la licenciada Monge La Fosse, un cheque por la suma de $30.00 de una "Cuenta de Fondos GIFAA" a favor del promovente, y la *Contestación a requerimiento de 3 de mayo de 2018*.

huracán. Indicó que, luego de su renuncia al caso, se recibieron cheques de los demandantes para cubrir los gastos del litigio, pero era muy tarde. En vista de ello, devolvió en su totalidad el dinero enviado por los clientes desde septiembre de 2017 e informó que tenía copia de los cheques endosados y cobrados por los demandantes.

Así las cosas, el 24 de octubre de 2018 la OPG sometió una *Moción en solicitud de remedio* en la que reiteró que la promovida no había cumplido con nuestra orden del 24 de septiembre de 2018. Asimismo, justificó la necesidad de la información y documentación solicitada para poder llevar a cabo una investigación rigurosa de las alegaciones consignadas en la queja.

En vista de lo anterior, y luego de examinar el escrito de la promovida presentado el 10 de octubre de 2018, así como la moción más reciente de la OPG, **el 25 de enero de 2019** le concedimos a la licenciada Monge La Fosse "**un término final de diez (10) días** […] **para darle fiel cumplimiento a nuestra Resolución de 24 de septiembre de 2018, so pena de sanciones, incluyendo su separación de la profesión legal**". (Énfasis nuestro).

El 11 de febrero de 2019 la promovida presentó una *Moción en cumplimiento de orden y otros extremos*. Reiteró haber respondido a cabalidad los requerimientos de la OPG y nuevamente acompañó su escrito con sus contestaciones previas, así como los documentos sometidos anteriormente.

El 15 de febrero de 2019 la OPG respondió al escrito de la promovente mediante una *Réplica* […] donde puntualizó que las contestaciones ofrecidas por la letrada no eran responsivas y tampoco se le había provisto la documentación requerida.

En respuesta, el 20 de febrero de 2019 la licenciada Monge La Fosse sometió una *Moción urgente para el debido proceso de ley* […] en donde: aseveró haber contestado a todos los requerimientos de la OPG, solicitó una vista oral, pidió que ordenásemos una reunión con la OPG y que se le informara cuáles eran los cánones por los cuales se le investigaba.

Procedemos a resolver si las contestaciones de la promovida a los requerimientos de la OPG son o no adecuadas.  Para una mejor comprensión de la controversia planteada, reproducimos los requerimientos de la OPG, así como las respuestas provistas por la licenciada Monge La Fosse.

### III. Requerimientos de la OPG

#### A. <u>Interrogantes sobre gastos</u>

##### Interrogante núm. 1

Exponga la **cantidad total que recibió de todos los demandantes** en concepto de **gastos** para la tramitación del caso K AC-2013-0800 y con posterioridad a este.  (Énfasis nuestro).

a. Someta evidencia.

##### Contestación a interrogante núm. 1

Con respecto al querellante, se recibió de su parte la suma total de MIL DOSCIENTOS

OCHENTA DÓLARES (**$1,280.00**) menos TREINTA DÓLARES ($30.00) de reembolso por gastos no incurridos, por lo tanto, la suma total ajustada asciende a **$1,250.00**. (Énfasis en el original).

Surge de lo anterior que la OGP le requirió a la promovida que informara la **suma total que recibió de todos los demandantes** para el pago de gastos y, además, que sometiera **evidencia** de ello. No obstante, en su respuesta la licenciada Monge La Fossse se limitó a divulgar exclusivamente la cantidad que recibió del **promovente**. Es decir, no proveyó información alguna concerniente al resto de sus clientes en el caso. Tampoco ofreció algún fundamento válido o justificación para obviar el dar cuenta del monto recibido del remanente de los demandantes según le fuera solicitado específicamente por la OPG.

Sobre este particular, es importante señalar que, en consonancia del deber de fiducia impuesto por el Canon 23 del Código de Ética Profesional, 4 LPRA Ap. IX (2012), los fondos adelantados por clientes para cubrir gastos de litigio deben mantenerse por el abogado en cuentas separadas de la suya propia. Véase *In re* Rivera Irizarry, 155 DPR 687 (2001); *In re* Soto Colón, 155 DPR 623 (2001).

Cabe notar que el reembolso al promovente se giró mediante un cheque expedido de una cuenta de banco que aparece a nombre de "GRACE MONGE LAFOSSE D/B/A GRACE MONGE LAFOSSE CUENTA DE FONDOS CIFAA". Por lo tanto, esta información debería de estar accesible a la licenciada Monge La Fosse y, por este medio, le sería viable

constatar los datos concernientes a los adelantos de los clientes.

### Interrogante núm. 2

Detalle todos los gastos incurridos en el litigio y para los cuales se utilizó el dinero recibido por los demandantes, incluyendo la partida de dinero que incurrió para cada uno de estos gastos.

### Contestación a interrogante núm. 2

Se incurrieron en gastos de manejo de documentos, digitalización, imprenta, mensajería, sellos correo regular, sello correo certificado, gastos de montaje y almacenamiento de los expedientes de los casos judiciales previos al caso nuestro de nulidad de sentencia, investigaciones jurídicas, redacción, transcripción, materiales y efectos, transportación, estacionamiento, otros servicios profesionales externos para, entre otros, mantener la bitácora electrónica-digital donde el cliente podía ver, TODOS LOS DÍAS, el movimiento de su caso porque todos los documentos del expediente judicial se digitalizaban y se subían a la dirección electrónica del expediente del cliente, otros costos ordinarios y extraordinarios necesarios. Por los daños a la base de las operaciones y almacén de nuestro bufete, cerrados a la fecha de hoy, no contamos con acceso a los recibos de gastos incurridos que sumen los [ ] **$1,250.00 que pagó el querellante**. (Énfasis en el original).

A pesar de que la pregunta iba dirigida a los gastos relacionados a cada uno de los demandantes, en su respuesta la promovida no hizo mención alguna concerniente al resto de sus clientes en el caso KAC-2013-0800. **Se limitó a responder por los dineros aportados por el promovente.**

De otra parte, la abogada meramente enumeró las categorías de los supuestos gastos asociados a la

tramitación del caso Núm. KAC-2013-0800 sin particularizar desembolsos específicos. Simplemente expuso, de forma generalizada, en cuáles actividades presuntamente utilizó ese dinero. Arguyó que, debido a los daños ocasionados "a la base de las operaciones" y al almacén del Bufete como consecuencia del Huracán María, no tenía acceso a los recibos de los gastos incurridos en el caso que sumaran los $1,250 aportados por el señor López López.

Consideramos que este pretexto es insatisfactorio. Debemos suponer que, a la luz del imperativo del Canon 23, *supra*, los gastos que la licenciada Monge La Fosse incurrió y enumeró en su respuesta a la **interrogante núm. 2** se pagaron de una o varias cuentas especiales destinadas a mantener segregados los fondos de los demandantes representados por la promovida en el caso Núm. KAC-2013-0800. Por consiguiente, tomando como cierto que los recibos no estaban disponibles, los gastos pertinentes se podrían contabilizar utilizando métodos alternos como sería verificar los desembolsos correspondientes en la cuenta o cuentas bancarias donde se guardaban los anticipos de todos sus clientes.

### B. Comunicaciones y documentos

### Interrogante núm. 8

Someta copia de todas las comunicaciones que remitió al promovente y viceversa.

### Contestación a interrogantes núms. 6, 7 y 8

La contestación del cliente, brindada durante conversación telefónica, fue de

conformidad. El desistimiento voluntario se practicó dentro del término de 15 días del recibo de la sentencia del Tribunal de Apelaciones, **dos días antes de la Navidad de 2016**, como medida estratégica y protectora para evitar otra desestimación sumaria de las restantes causas de acción a la luz de los pronunciamientos del Tribunal de Apelaciones que abrían paso a una segunda Demanda de Nulidad. Dicho Aviso de Desistimiento SIN PERJUICIO se notificó al querellante el mismo día de su presentación PUESTO QUE TODO DOCUMENTO DEL EXPEDIENTE SE DIGITALIZA Y SUBE A LA BITÁCORA ELECTRÓNICA (INTERNET). NINGÚN CLIENTE, EN LOS CASOS COMPLEJOS, PUEDE decidir la estrategia del caso. Es el abogado quien lleva el control del caso para proteger los derechos de todos, MÁXIME, como se hizo en este caso: un DESISTIMIENTO **SIN PERJUICIO** lo cual **NO CONSTITUYE RENUNCIA A DERECHO ALGUNO**. Por el contrario, por la estrategia desplegada, se aseguró las causas de acción futura del querellante quien deberá procurar nueva representación legal tal como se le advirtió de inmediato. (Énfasis en el original).

### Interrogante núm. 9

¿Informó al promovente la sentencia adversa del Tribunal de Primera Instancia de 1 de abril de 2016?

      a.  ¿Cuándo?

      b.  ¿Cómo?

      c.  Someta evidencia.

### Contestación a interrogante núm. 9

**Sí se le notificó de inmediato.** Todo documento del expediente judicial se digitaliza para subirlo a la dirección electrónica del expediente judicial del querellante. Todo se notifica de inmediato electrónicamente. (Énfasis en el original).

### Interrogante núm. 10

¿Informó al promovente la sentencia adversa del Tribunal de Apelaciones del 30 de noviembre de 2016?

      a.  ¿Cuándo?

b.  ¿Cómo?

c.  Someta evidencia

### **Contestación a interrogante núm. 10**

**Sí se le notificó de inmediato.** Todo documento del expediente judicial se digitaliza para subirlo a la dirección electrónica del expediente judicial del querellante. Todo se notifica de inmediato electrónicamente. (Énfasis en el original).

### **Interrogante núm. 12**

¿Informó al promovente la sentencia del archivo sin perjuicio del 27 de marzo de 2017?

a.  ¿Cuándo?

b.  ¿Cómo?

c.  Someta evidencia

### **Contestación a interrogante núm. 12**

**Sí se le notificó de inmediato.** Todo documento del expediente judicial se digitaliza para subirlo a la dirección electrónica del expediente judicial del querellante. Todo se notifica de inmediato electrónicamente. (Énfasis en el original).

En su respuesta a las interrogantes **8, 9, 10 y 12**, la licenciada Monge La Fosse simplemente se limitó a ofrecer una explicación parca y generalizada sobre un sistema de notificación electrónica alegadamente implementado en su oficina para el manejo específico del caso Núm. KAC-2013-0800.

A pesar de que expresamente se le requirió prueba acreditativa al respecto, la abogada no sometió documentación alguna que evidenciara las comunicaciones con el promovente. No acreditó, mediante prueba fehaciente, haberle notificado al señor López López

ciertos incidentes cruciales del trámite judicial, tales como la sentencia desestimatoria del caso Núm. KAC-2013-0800 y el desistimiento voluntario presentado en esa acción según prescribe el Canon 19 del Código de Ética Profesional, 4 LPRA Ap. IX (2012). Véase *In re* Peña Ríos, 2019 TSPR 52, 202 DPR _____ (2019); *In re* García Cabrera, 2019 TSPR 36, 201 DPR _____ (2019).

Tampoco articuló razones válidas, detalladas y de peso que pudiesen justificar su incumplimiento de manera apropiada.

## IV. Canon 9 de Ética Profesional

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX (2012), le exige a todo abogado observar una conducta que se caracterice por el mayor respeto y diligencia hacia los tribunales. *In re* Tirado Avilés, 2019 TSPR 73, 201 DPR _____ (2019); *In re* Rodríguez López, 2019 TSPR 67, 201 DPR _____ (2019). De igual forma, "la naturaleza de la función de abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal". *In re* Tirado Avilés, *supra*; *In re* Castro Colón, 2019 TSPR 53, 202 DPR _____ (2019).

Por lo que la desatención a las órdenes del tribunal representa un agravio a la autoridad judicial y este tipo de conducta se considera como una infracción al Canon 9, *supra*. *In re* Dapena Thompson, 2019 TSPR 76, 201 DPR _____ (2019); *In re* Tirado Avilés, *supra*; *In re* Rodríguez López, *supra*.

A tono con lo anterior, reiteradamente hemos advertido que la indiferencia a nuestras órdenes constituye causa suficiente para la suspensión inmediata de la práctica de la profesión. *In re* Dapena Thompson, *supra*; *In re* Santini Rivera, 2019 TSPR 46, 201 DPR ____ (2019); *In re* Landrón Hernández, 2019 TSPR 41, 201 DPR ____ (2019).

En particular, hemos destacado que "[l]a indiferencia a nuestros apercibimientos sobre sanciones disciplinarias ha sido y continuará siendo causa suficiente para decretar la suspensión inmediata e indefinida de la práctica de la abogacía". *In re* Silvestrini Carrasquillo, 2019 TSPR 35, 201 DPR ____ (2019). Véase además, *In re* Dapena Thompson, *supra*; *In re* Castro Colón, *supra*.

De igual manera hemos reconocido que los deberes impuestos por el Canon 9, *supra*, se extienden a los requerimientos de los brazos operacionales de este Foro como lo son la OPG, la Oficina de Inspección de Notarías (ODIN) y el Programa de Educación Jurídica Continua. Por consiguiente, también hemos suspendido indefinidamente del ejercicio de la profesión a aquellos abogados que han ignorado los requerimientos de alguna de estas tres (3) oficinas. *In re* Santini Rivera, *supra*; *In re* Cobas Mondríguez, *supra*; *In re Suárez Lasa*, *supra*.

## V. Conclusión

A base de lo anterior, opinamos que las contestaciones de la licenciada Monge La Fosse a los requerimientos de la OPG, según trascritas anteriormente, no han sido

responsivas. Además, la abogada no ha pormenorizado justificación válida para la inobservancia con su obligación de responder adecuadamente a las solicitudes de la OPG y las órdenes de este Tribunal. Este incumplimiento ha imposibilitado que la OPG dé curso a la investigación de la queja del señor López López según le fue referida conforme a la Regla 14(d) de nuestro Reglamento, *supra*.

Cabe señalar que la OPG validó ampliamente la solicitud de información y documentos enviada a la licenciada Monge La Fosse en función de la tarea investigativa que tiene a su cargo. Las interrogantes y documentos requeridos a la licenciada Monge La Fosse surgieron como resultado de las imputaciones del señor López López en su queja y del examen del expediente del caso Núm. KAC-2013-0800 realizado por la OPG. La información solicitada está directamente relacionada a deberes éticos elementales de todo abogado para con sus clientes. Además, la OPG advirtió a la licenciada Monge La Fosse las razones que justificaban las preguntas remitidas y le informó el por qué era necesario que suplementara sus respuestas.

Según la queja del señor López López, el promovente y los demás clientes del caso Núm. KAC-2013-0800, pagaron miles de dólares a la promovida y desconocían cómo se había utilizado ese dinero. Sobre este particular destacamos que, de acuerdo con el contrato entre el

promovente y la licenciada Monge La Fosse, se estimaba que **los demandantes, en conjunto, pagarían $7,000.00 mensuales para gastos.**[7] Esta cantidad podía aumentar o disminuir dependiendo de si se unían nuevos demandantes o si se desasociaban del pleito.

Dado que el contrato se firmó el 9 de febrero de 2013, el caso se archivó el 27 de marzo de 2017 y algunos demandantes continuaron pagando aun después de esta fecha, entendemos que se trata de una suma considerable de dinero para la cual la promovida viene obligada a rendir cuenta.

Es preciso advertir a los abogados que aceptan tramitar casos complejos o que involucren numerosos demandantes, que tienen la obligación de asegurarse de que cuentan con una infraestructura tecnológica apropiada y el apoyo administrativo necesario que les permita cumplir a cabalidad con sus deberes éticos.

La licenciada Monge La Fosse ha tenido amplia oportunidad para responder adecuadamente a los requerimientos en controversia cursados por la OPG desde el **26 de junio de 2018** y no lo ha hecho. Igualmente ignoró nuestras órdenes del **24 de septiembre de 2018** y **25 de enero de 2019** mediante las cuales se le brindó un término "perentorio" y "final" para proveer la información que quedó pendiente. Además, en nuestra *Resolución* de 25 de enero de 2019 le apercibimos que su incumplimiento

---

**7** En el contrato se dispuso, además, que en consideración a que se estimaba que los demandantes serían entre 170 a 180, cada uno de ellos aportaría $469.00 anuales para los gastos del litigio (equivalente a $39.00 por mes), pagaderos en dos (2) plazos de $234.00.

podría resultar en la imposición de sanciones, **incluyendo su separación de la profesión legal.**

En vista de la inobservancia de la licenciada Monge La Fosse a nuestras órdenes, así a como a los avisos de la OPG, y al no articular razones válidas para justificar satisfactoriamente su incumplimiento reiterado a pesar de las múltiples oportunidades concedidas para hacerlo, decretamos su suspensión inmediata e indefinida del ejercicio de la abogacía por violación al Canon 9, *supra*.

Le ordenamos notificar a todos sus clientes de su inhabilidad para continuar representándolos y devolverles tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos, e informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente. Además, deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días, a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale al ejercicio de la abogacía de solicitarlo en un futuro.

De otra parte, como corolario a la suspensión inmediata e indefinida del ejercicio de la abogacía, la promovida queda inhabilitada para ejercer como notario. Por lo tanto, se le ordena al Alguacil de este Foro incautar inmediatamente la obra y el sello notarial de la señora Monge La Fosse y entregarlos al Director de la ODIN

para el correspondiente examen e informe. Además, la fianza que garantiza las funciones notariales de la promovida queda automáticamente cancelada. Asimismo, la aludida fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia a la señora Monge La Fosse a través de la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:


Grace Monge La Fosse                    AB-2018-26          Conducta
                                                           Profesional


SENTENCIA

En San Juan, Puerto Rico a 30 de mayo de 2019.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata e indefinida de la Lcda. Grace Monge La Fosse del ejercicio de la abogacía y la notaría.

La señora Monge La Fosse deberá notificar a todos sus clientes de su inhabilidad para continuar representándolos y devolverles tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos, e informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente. Asimismo, deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días, contado a partir de la notificación de la Opinión *Per Curiam* que antecede y de esta Sentencia.

Se le ordena al Alguacil de este Foro incautar inmediatamente la obra y el sello notarial de la señora Monge La Fosse y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe. Además, en virtud de esta suspensión

inmediata del ejercicio de la notaría, la fianza que garantiza las funciones notariales, de haber prestado la misma, queda automáticamente cancelada. Asimismo, la fianza se considerará buena y válida por tres años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Notifíquese personalmente la Opinión *Per Curiam* que antecede y esta Sentencia a la señora Monge La Fosse a través de la Oficina del Alguacil de este Tribunal.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez disiente y hace constar la siguiente expresión a la que se une la Juez Asociada señora Rodríguez Rodríguez:

> La Jueza Presidenta Oronoz Rodríguez disiente por entender que, ante los hechos particulares que surgen de la Opinión *Per Curiam*, no procedía suspender inmediata e indefinidamente de la abogacía y la notaría a la Lcda. Grace Monge La Fosse. Distinto a otros casos que ha atendido este Tribunal, no estamos ante una abogada que no compareció ante los foros pertinentes ni que ignoró por completo los requerimientos de la Oficina del Procurador General (OPG) y las órdenes de este Tribunal. En cambio, esta respondió a las Resoluciones que emitimos durante el trámite disciplinario para indicar que entendía haber cumplido con los requerimientos de la OPG. Por tanto, y en consideración a que la letrada no ha sido objeto de sanciones en sus veintidós años de carrera, correspondía ordenar a la licenciada Monge La Fosse reunirse con el personal de la OPG para aclarar qué información y prueba tiene disponible respecto a los interrogatorios que le fueron sometidos.

La Juez Asociada señora Rodríguez Rodríguez disiente y hace constar la siguiente expresión:

> Disiento. Al igual que la Jueza Presidenta le ordenaría a la Lic. Monge La Fosse que se reúna con el personal de la OPG.

El Juez Asociado señor Colón Pérez no intervino.


José Ignacio Campos Pérez
Secretario del Tribunal Supremo